UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:                                                          Chapter 11

New York Spot Inc.,                                             Case No. 12-48530 (CEC)

                                           Debtor.              Jointly Administered
-----------------------------------------------------------x

## DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION

New York Spot, Inc. (the "Debtor") hereby proposes the following first amended plan of reorganization (the "Plan") pursuant to title 11 of the United States Code (the "Bankruptcy Code").

## OVERVIEW OF THE PLAN

The Debtor owns certain real property located at 442 West 22nd Street, New York, NY, improved by a four story building containing 23 unit SRO (the "Property"), approximately five (5) of which remain occupied.

The focal point of the Plan seeks to bifurcate the secured claim of the Debtor's mortgage, West 22nd LLC ("West 22nd"), (the "First Mortgage Claim") in the total sum of $3,002,492.43 pursuant to 11 U.S.C. § 506(a).  As a result of the proposed bifurcation, the secured portion of the First Mortgage Claim shall be fixed at the current fair market value of the Property, as determined by an appraisal process.

The balance of the First Mortgage Claim, or the "undersecured" portion, shall be treated as a general unsecured claim.  The Debtor's principal has lined up financing to pay the allowed secured portion of the First Mortgage Claim in full, plus also pay a

discounted amount on the "undersecured" deficiency claim, which is separately classified with certain other unsecured claims as Class 6.

Even though the First Mortgage Claim is impaired and will object to the Plan, the Debtor can still seek confirmation under 11 U.S.C. § 1129(b) based upon the following criteria: (i) existence of separate consenting classes (Class 4 comprised of NCC Capital and Class 5 consisting of Charles Neiss); (ii) exclusivity has been waived by the Debtor, opening up the plan process to all creditors; and (iii) the Debtor and Reorganized Debtor shall retain continued ownership of the Property without a transfer of title following confirmation, negating the alleged rights of the First Mortgage Claim to make a credit-bid under RadLAX Gateway Hotel, LLC v. Amalgamated Bank, ____U.S. ____, 132 S.Ct. 2065 (2012).

The junior mortgage lien held by NCC Capital LLC ("NCC Capital") and the judgment lien held by Charles Neiss ("Neiss") are separately classified as Classes 4 and 5, respectively, and will each receive a 10% dividend. This separate classification is permitted because each of these creditors originally provided spreader loans to the Debtor which are secured by liens against other properties that remain available for these creditors to seek payment on their respective claims.

Finally, the remaining unsecured claims, including the "undersecured" deficiency claim of West 22nd, are classified as Class 6, and shall receive a distribution of 10%.

The funding for the Plan will be provided by the Debtor's principal, Yehuda Nelkenbaum, in the form of a "new value" contribution based upon personal loan to be

obtained from Messrs. Tessler and Neiss. The loans from Tessler and Neiss will be independently collateralized by a pledge of Mr. Nelkenbaum's equity interest in the Reorganized Debtor. Indeed, in recognition of the new value contribution from Mr. Nelkenbaum, he will receive 100% of the equity in the Reorganized Debtor (i.e., the Debtor following confirmation of the Plan). The Debtor has waived exclusivity, thus providing other creditors with the opportunity to file competing plans. As a result, the proposed retention of equity in the Reorganized Debtor by Mr. Nelkenbaum in return for his new value contribution is permissible under the holding of the Supreme Court in <u>Bank of America v. 203 North LaSalle Street Partnership</u>, 526 U.S. 434, 119 S.Ct. 1411 (1999).

## Article I

## DEFINITIONS

For the purposes of the Plan, the following terms shall have the meanings set forth below.

1.1. **"Administrative Expense Claim"** means the costs and expenses of administering the Chapter 11 case allowed under §§ 503(b) and 507(a) of the Bankruptcy Code, as approved by the Bankruptcy Court, including final compensation for legal services rendered to the Debtor and the Debtor's estate as awarded by the Bankruptcy Court.

1.2. **"Allowed Claim"** means a claim, as defined by 11 U.S.C. § 101(5), filed with the Bankruptcy Court, or which was scheduled by the Debtor without being designated as contingent, unliquidated or disputed (a) as to which no objection has been

filed or (b) as to which an objection has been filed that has been subsequently settled, withdrawn or denied.

1.3.    **"Bankruptcy Court"** means the United States Bankruptcy Court for the Eastern District of New York.

1.4.    **"Bar Date"** means the deadline to be set by Order of the Bankruptcy Court for Creditors to file a proof of Claim.

1.5.    **"Confirmation"** means approval of the Plan by the Bankruptcy Court.

1.6.    **"Confirmation Fund"** means a fund created by the new value contribution of Yehuda Nelkenbaum in an amount sufficient to make the cash distribution due under this Plan.

1.7.    **"Confirmation Hearing"** means the hearing to be held by the Bankruptcy Court on the Debtor's request for Confirmation of the Plan.

1.8.    **"Confirmation Order"** means the Order of the Bankruptcy Court approving and confirming the Plan pursuant to Bankruptcy Code § 1129(b).

1.9.    **"Deficiency Claim"** means the unsecured portion of the claims of West 22nd.

1.10.    **"Disputed Claim"** means any Claim (a) scheduled by the Debtor as disputed, contingent or unliquidated, as to which no proof of claim has been filed, or (b) as to which the Debtor has interposed an objection in accordance with the Bankruptcy Code and the Bankruptcy Rules.

1.11. **"Effective Date"** means the later of the first business day after the Confirmation Order becomes a final order.

1.12. **"Final Order"** means, as applicable, an order or judgment entered by the Bankruptcy Court or other court of competent jurisdiction with respect to the relevant subject matter, which, prior to the expiration of fourteen (14) days (unless the Bankruptcy Court orders otherwise) from the date of entry thereof, has not been revised, stayed, modified or amended, and irrespective of whether a timely appeal has been taken, if no stay of the order has been issued then such order shall be deemed final including for Confirmation and the Effective Date.

1.13. **"First Mortgage Claim"** means the secured portion of the claim held by West 22nd against the Debtor, which is hereby deemed allowed in the amount of the value of the Property that secures the West 22nd Mortgage as determined by the Bankruptcy Court.

1.14. **"Government Unit"** means any department or division of the federal or state government, or of the City of New York.

1.15. **"Petition Date"** means December 18, 2012.

1.16. **"Unsecured Claim"** shall mean a general unsecured claim arising prior to the Petition Date not entitled to priority under the Bankruptcy Code.

1.17. **"West 22nd Mortgage"** means, collectively, that certain Amended and Restated Mortgage Note in the original amount of $1,920,000, executed by the Debtor and Intervest National Bank on or about March 7, 2007 and assigned by Intervest to West 22nd on or about February 11, 2011.

## Article II

## CLASSIFICATION OF CLAIMS AND INTERESTS

The claims of creditors are classified below.

2.1    The quarterly fees required to be paid to the Office of the United States Trustee ("UST") under 28 U.S.C. § 1930 are not classified.  Payments of quarterly fees shall continue to be timely made by the Debtor pending entry of a final decree closing the Chapter 11 case.

2.2    Administrative Expense Claims, consisting primarily of professional fees and expenses, are likewise unclassified.  The professional fees and expenses of Goldberg Weprin Finkel Goldstein LLP, as the Debtor's counsel, remain subject to approval of the Bankruptcy Court after the filing of appropriate application for allowance on notice to creditors and other parties-in-interest.  All professional fees and expenses shall be paid from the Confirmation Fund, as and when approved by the Bankruptcy Court.

2.3    **Class 1** – All Secured Claims of Governmental Units, including the City of New York, and their agencies.

**Treatment:**  The secured claims of Governmental Units, expected to consist of the claims of New York City for unpaid pre-petition real estate taxes in the estimated amount of $7,500, plus any monies due to the Environmental Control Board.  These claims shall be paid in full from the Confirmation Fund on the Effective Date of the Plan.

**Voting:**  Class 1 is unimpaired under the Plan and not eligible to vote.

2.4    **Class 2** – The First Mortgage Claim.

6

**Treatment:** The Debtor intends to ask the Bankruptcy Court to fix the allowed amount of the First Mortgage Claim based upon an appraisal of the current fair market value of the Property.  It is anticipated that the valuation hearing will be held in conjunction with hearings to approve the Disclosure Statement.  The balance of the First Mortgage Claim or the "undersecured" portion shall be reclassified as part of Class 6 and shall be paid separately.  The Debtor is investigating whether grounds exist to challenge the amount of the First Mortgage Claim of West 22nd, and reserves all rights with respect thereto.  Once fixed and allowed, the secured portion of the First Mortgage Claim shall be paid in full from the Confirmation Fund as reduced by the post-petition payments made by the Debtor to West 22nd pursuant to Section 362(d) of the Bankruptcy Code. Because the First Mortgage Claim is "undersecured" it is not entitled to post-petition interest, and therefore, the post-petition payments should be properly applied to reduce the allowed secured claim of West 22nd.

**Voting:**  Class 2 is impaired by the Plan, and eligible to vote.

2.5    **Class 3** – All Priority claims of Governmental Units, including the IRS, the State of New York and the City of New York, and their agencies.

**Treatment:**  The priority claims of governmental units, if any, shall be paid in full from the Confirmation Fund on the Effective Date of the Plan.

**Voting:**  Class 3 is unimpaired under the Plan and not eligible to vote.

2.6    **Class 4** – The claim of NCC Capital based on a spreader mortgage and note in the principal amount of $635,000, together with accrued interest.  The claim of NCC

Capital claim is likely unsecured by reason of the lack of equity in the Property over the amount of the allowed First Mortgage Claim.

**Treatment:**  The Class 4 claim of NCC Capital shall be paid a dividend equal to ten (10%) of the allowed amount of its claim from the Confirmation Fund on the Effective Date of the Plan.

**Voting:**  Class 4 is impaired under the Plan and eligible to vote.

2.7    **Class 5** – The claim of Neiss based on a confession of judgment in the amount of at least $1.3 million together with accrued interest.  The claim of Neiss is also likely unsecured by reason of the lack of equity in the Property over the amount of the allowed First Mortgage Claim.

**Treatment:**  The Class 5 claim of Neiss shall likewise be paid a dividend equal to ten (10%) of the allowed amount of his claim from the Confirmation Fund on the Effective Date of the Plan.

**Voting:**  Class 5 is impaired under the Plan and eligible to vote.

2.8    **Class 6** – Class 6 consists of the remaining claims of general unsecured creditors, including the Deficiency Claim of West 22nd.

**Treatment:**  The Class 6 claims of remaining unsecured creditors shall receive a payment equal to ten (10%) of the allowed amount of the respective claims from the Confirmation Fund on the Effective Date of the Plan.

**Voting:**  Class 6 is impaired under the Plan and eligible to vote.

2.8    **Class 7** – The equity interests of Mr. Nelkenbaum.

**Treatment:** The 100% equity interests held by Yehuda Nelkenbaum shall continue in the Reorganized Debtor based on his new value contribution, without any distribution or other payments to him on the Effective Date of the Plan.

**Voting:** Mr. Nelkenbaum is not eligible to vote by virtue of his insider status.

## Article III

## IMPLEMENTATION OF THE PLAN

3.1    **Source of Funding.** The funds necessary to consummate this Plan shall be provided through a new value contribution to be made by Mr. Nelkenbaum from personal loans that he receives on the Effective Date from Messrs. Tessler and Neiss.

3.2    **Section 506(a) Bifurcation.** The Debtor shall move to bifurcate the allowed claim of West 22nd in connection with an appraisal proceeding. Upon entry of a Final Order fixing the value of the Property, the secured claim of West 22nd shall be deemed equal to the appraised value and the "undersecured" portion or deficiency shall be equal to the difference between the judgment amount and the appraised value.

3.3    **Vesting of Assets.** Except as otherwise provided in the Plan, on the Effective Date of the Plan, title to the Property will vest in the Reorganized Debtor, free and clear of all liens, claims, taxes and encumbrances.

3.4    **Termination of the Receiver.** If the appointment of the state court appointed receiver, Gregory Soumas (the "Receiver"), has not already been terminated prior to the Confirmation Hearing, the Receiver shall be deemed terminated, as of entry of the Confirmation Order, whereupon the Receiver shall be required to comply with

Section 543(a) and (b) of the Bankruptcy Code and turnover the Property and all funds in his possession to the Reorganized Debtor, less any allowed commissions and expenses.

3.5 **Distributions**. All payments required to be made under the Plan shall be made from the Confirmation Fund.

3.6 **Post-Confirmation Management of the Debtor**. On and after the Effective Date, the Property shall be managed by Yehuda Nelkenbaum.

3.7 **Preservation of Rights of Action**. The Reorganized Debtor shall retain any claims, rights and causes of action (i) arising under the Bankruptcy Code or (ii) belonging to the Debtor as of the Petition Date under state or federal law.

3.8 **Objection Deadline**. Unless otherwise ordered by the Bankruptcy Court, the Debtor and the Reorganized Debtor shall have the right to file and serve objections to any Claims, provided that such objections shall be filed no later than 60 days after the entry of the Confirmation Order, or such additional time as may be allowed by Order of this Court.

3.9 **No Distribution Pending Allowance**. Notwithstanding any other provision of the Plan, no payment or distribution shall be made with respect to any portion of a Disputed Claim unless and until all objections to such Disputed Claim are resolved.

## Article IV

## TREATMENT OF EXECUTORY
## CONTRACTS AND UNEXPIRED LEASES

4.1    All unexpired leases and executory contracts if any are not affected by the Plan and shall be addressed by the Reorganized Debtor as necessary in the state court following Confirmation.

## Article VI

## INJUNCTION AND RELEASES

5.1    **Injunction.**  Except  with respect to the Debtor's obligations under the Plan, the entry of the Confirmation Order shall forever stay, restrain and permanently enjoin on and after the Confirmation Date (1) the commencement or continuation of any action, the employment of process, or any act to collect, enforce, attach, recover or offset from the Debtor's Property, including the foreclosure judgment obtained against the Debtor by West 22nd; and (2) the creation, perfection or enforcement of any lien or encumbrance against the Property on account of an obligation arising prior to the Petition Date.  Nothing contained herein shall be deemed to be a release of any personal guaranty held by a creditor against any third party.

## Article VI

## MISCELLANEOUS PROVISIONS

6.1    **Orders in Aid of Consummation.**  Pursuant to sections 105, 1141, 1142 and 1143 of the Bankruptcy Code, the Bankruptcy Court may enter one or more

Orders in aid of Confirmation directing the implementation of matters or actions required by the Plan.

6.2 **Amendments**.  The Plan may be altered, amended or modified by the Debtor, in writing and signed by the Debtor, at any time before the substantial consummation of the Plan, as provided in sections 1101(a) and 1127 of the Bankruptcy Code and Bankruptcy Rule 3019.

6.3 **Request for Relief under Section 1129(b)**.  If the Plan is accepted by one class of claims, but not all impaired Classes, the Debtor may request confirmation under section 1129(b) of the Bankruptcy Code.

6.4 **Filing of Additional Documents**.  The Debtor may file with the Court such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

6.5 **Section Headings**.  The section headings contained in the Plan are for reference purposes only and shall not affect in any way the meaning or interpretation of the Plan.

6.6 **Computation of Time**.  In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

6.6 **Successors and Assigns**.  The rights, benefits and obligations of any entity named or referred to in the Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assigns.

6.7    **Notices**.  All notices and other communications to be given or made hereunder shall be in writing and shall be deemed to have been given or made when mailed or as otherwise set forth herein:

(a)    if to the Office of the United States Trustee, 271 Cadman Plaza East, Brooklyn, NY 11201, Attn: William E. Curtin, Esq.;

(b)    if to the Debtor, Goldberg Weprin Finkel Goldstein LLP, 1501 Broadway, 22nd Floor, New York, NY 10036, Attn: Kevin J. Nash, Esq.;

(c)    if to West 22nd, then c/o Backenroth Frankel & Krinsky, LLP, 489 Fifth Avenue, New York, NY 10017, Attn: Mark A. Frankel, Esq.;

(d)    if to any Creditor or Interest holder at the addresses set forth on the respective Proofs of Claim or Proofs of Interests filed by such holders; or the address reflected in the Schedules if no Proof of Claim or Proof of Interest is filed; and

(e)    if to any person or Entity that has filed a notice of appearance, at the addresses set forth on such notice of appearance.

## Article VII

## RETENTION OF JURISDICTION

7.1    **Retention of Jurisdiction**.    Notwithstanding the entry of the Confirmation Order, the Bankruptcy Court shall retain jurisdiction to perform the following:

(a)    To determine the value of the Property;

(b)    To ensure that the Plan is consummated and to address any disputes that may arise in connection therewith;

(c)     To determine treatment or status of any Claim or Interest, including, without limitation, the resolution of any request for payment of any Administrative Expenses, the resolution of any and all objections to the allowance or priority of Claims or Interests, and the resolution of any adversary proceeding;

(d)     To grant or deny any applications for allowance of compensation or reimbursement of expenses;

(e)     To decide or otherwise resolve any remaining motions, adversary proceedings, or other contested matters, that may be pending as of the Confirmation Hearing;

(f)     To modify the Plan pursuant to section 1127 of the Bankruptcy Code;

(g)     To remedy any defect or omission or reconcile any inconsistency in the Plan, or the Disclosure Statement or any contract, instrument, release or other agreement or document created in connection with the Plan, to the extent authorized in the Bankruptcy Code;

(h)     To issue any injunctions, or take such other actions as may be necessary or appropriate to restrain interference by any person or entity with consummation or enforcement of the Plan; and

(i)     To enter a Final Decree concluding the bankruptcy case.

## Article VIII

## <u>CLOSING THE CASE</u>

8.1    **<u>Quarterly Fees</u>**.  All fees and charges incurred by the Debtor under section 1930 of title 28 of the United States Code ("UST Fees") shall be paid from the Confirmation Fund, pending entry of a final decree, with all applicable interest.  All UST Fees with interest shall continue to be due until the earlier of (i) date of dismissal of the Debtor's case or (ii) date of conversion to a case under chapter 7 or (iii) the date of the entry of the final decree closing the Debtor's case.

8.2    **Closing the Case**.  Upon the Substantial Consummation of the Plan, the Debtor shall expeditiously move for the entry of a final decree closing the bankruptcy case.

DATED:    New York, New York
           March 18, 2013

           **GOLDBERG WEPRIN FINKEL
GOLDSTEIN LLP**
Attorneys for the Debtor
1501 Broadway, 22nd Floor
New York, New York 10036
Tel No.: (212) 221-5700

By:    <u>/s/ Kevin J. Nash, Esq.</u>
       Kevin J. Nash, Esq.

**New York Spot, Inc.**

By:    <u>/s/ Yehuda Nelkenbaum</u>
       Name: Yehuda Nelkenbaum
       Title: President