*Settlement Date and Time:*
*August 13, 2013 at 12:00 pm*

**LAW OFFICES OF DAVID CARLEBACH, ESQ.**
David Carlebach
40 Exchange Place
Suite 1306
New York, NY 10005
Tel: (212) 785-3041
Fax: (646) 355-1916
Email: david@carlebachlaw.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In re:

    **NEW YORK SPOT, INC.**

             **Debtor.**
-----------------------------------------------------------x

        **Chapter 11**

        **Case No. 12-48530 (CEC)**

**OBJECTION OF THE DEBTOR TO THE APPLICATION OF WEST 22ND LLC,
FOR A LIFTING OF THE AUTOMATIC STAY**

**TO THE HONORABLE CARLA E. CRAIG,**
**UNITED STATES BANKRUPTCY JUDGE:**

    New York Spot, LLC., the debtor herein (the "Debtor" or "Movant"), by it's attorneys, the Law Office of David Carlebach, Esq., as and for its Objection to the Application and Notice of Settlement of West 22nd LLC dated August 8, 2013, for an Order lifting the automatic stay herein, respectfully represents as follows:

**GENERAL BACKGROUND**

    1.    On December 18, 2012, the Debtor filed a voluntary petition (the "Petition Date") under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Eastern District of New York.

2. The Debtor is primarily in the business of ownership of real estate, specifically the property located at 442 West 22nd Street, New York, New York 10010 ( the "Property"). The Property is a four story single room occupancy building containing 23 Class B apartment units.

## THE JULY 26, 2013, ADEQUATE PROTECTION ORDER

3. On July 26, 2013 the Court entered an order approving the Secured Creditor's Disclosure Statement which contained several provisions with respect to the debtor's requirement to continue to make adequate protection payments as well as to file a competing plan (the "Adequate Protection Order") , as follows:

I. The Debtor shall be entitled to file a competing Chapter 11 plan and disclosure statement on or before July26 **29(CEC)**, 2013, provided, however, that any such filings shall include all documents the Debtor intends to rely upon to establish the feasibility of any such plan. In connection therewith, the Debtor shall be entitled to move by Order to Show cause and with the Proponent's consent (as set forth on the record of the July 17, 2013 hearing),seek reductions of time such that a hearing on confirmation of the Debtor's competing plan maybe heard at the Hearing.

J. On or before July24 **29(CEC)**, 2013, the Debtor shall pay to the Proponent by bank check hand delivered to Backenroth Frankel & Krinsky, LLP, 489 5thAvenue, New York, New York, 10017, the following amounts, (a) $22,000 for adequate protection debt service for the period June7, 2013through July 6, 2013, (b) $22,000foradequate protection debt service for the period July 7, 2013 through August 6, 2013 © $27,813for New York City real estate tax and (d) $6,561 for New York City RPEI tax; for a grand total of $78,374.

K. In the event payment of the amounts set forth in the preceding sentence is not made by July2429(CEC), 2013,on July2530(CEC), 2013the Proponent shall be entitled to file a certification of nonpayment and settle an order by email on Debtor's counsel, for

        signature on July 2631(CEC), 2013, lifting the automatic stay, substantially in the form annexed hereto.

L.    Commencing August 7, 2013, the Debtor shall continue to make monthly $22,000 adequate protection payments to the Proponent and to pay New York City real estate taxes and similar charges as they accrue, until confirmation of a Chapter 11 plan in this case, or until further order of the Bankruptcy Court.

M.    In the event payment of the amounts set forth in the preceding sentence are not timely made, the Proponent shall be entitled to file a certification of nonpayment and settle an order substantially in the form annexed hereto by email on three days' notice, lifting the automatic stay.

4.    The Debtor complied with provisions I and J of the Adequate Protection Order including filing a plan and paying $78,374 in adequate protection payments by July 29, 2013. Due to the Debtor's focus being pre-occupied with timely complying with provisions I and J, the Debtor inadvertently neglected to timely make the $22,000.00 payment. This was not due to either inability or unwillingness on the part of the Debtor but was a pure oversight. Indeed, as soon as the order was settled herein the Debtor made provision for the wiring of the $22,000.00 payment to the secured creditor on August 9, 2013 (Exhibit A).

5.    The Debtor having filed the plan and paid the $78,374.00 and demonstrated its intent to comply with the Adequate Protection Order, the Secured Creditor might have made a phone call to find out if the payment was forthcoming. Clearly, the immediate settlement of the order is nothing more than an attempt by the secured creditor to get through an inadvertent default what it could not otherwise get on the merits. The adage that "equity abhors a forfeiture" has never been truer here. The secured creditor has suffered no prejudice as a result of the inadvertent default but the Debtor will suffer significant prejudice if an order is entered lifting the stay.

6.      Indeed, orders such as the Adequate Protection Order generally have a cure period. The only reason the Adequate Protection Order does not contain one is because of the Secured Creditor's ability to convince the Court at the July 17, 2013, Hearing, that the Debtor is "broke" and is not serious. This is notwithstanding the fact that this Debtor has paid adequate protection payments in excess of $200,000.00 in this case, and notwithstanding the fact the Property is controlled by a receiver.   There is clearly no grounds, as a matter of law, for a lifting of the automatic stay for cause pursuant to Section 362(d)(1) of the Bankruptcy Code for a lack of adequate protection.

7.      To whatever extent there may have been some doubt as to the Debtor's resolve on July 17, 2013, there can be no doubt after July 29, 2013, as to the Debtor's resolve to comply with Court directives and move forward its plan process.

8.      In that regard in the interim the Debtor has filed on August 13, 2013, its Order to Show Cause to join the plan process.

**WHEREFORE,** the Debtor respectfully requests that this Court deny the relief sought by the secured creditor, and grant such other further and different relief as this Court deems just and proper.

Dated: New York, New York
       August 13, 2013

                                    **THE LAW OFFICES OF DAVID CARLEBACH, ESQ.**
                                    *Attorneys for the Debtor*

                      By:    s/David Carlebach, Esq. (DC-7350)
                                David Carlebach, Esq. (DC-7350)
                                40 Exchange Place
                                New York, New York 10005

Tel. No.: (212) 785-3041