UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

In re                                                    Chapter 11

     New York Spot, Inc.                          Case no.  12-48530

                Debtor.

---------------------------------------------------------x

## DECLARATION IN SUPPORT OF PLAN CONFIRMATION

       David Godbout, managing member of West 22nd LLC (the "Mortgagee," or the "Proponent") as and for his statement in support of confirmation of the Proponent's Plan of Reorganization (the "Plan") in the case of New York Spot, Inc. ("Debtor") states under penalty of perjury as follows:

## BACKGROUND

     1.     On December 18, 2012, the Debtor filed a Chapter 11 petition under Title 11 of the United States Code, 11 U.S.C. §§101 et seq. (the "Bankruptcy Code").

     2.     The Debtor owns a four story single room occupancy hotel with 23 Class B apartments (the "Property") located at 442 West 22nd Street, New York, New York.  The mortgagee's appraisal indicates a $3,350,000 value.

     3.     The Proponent holds a foreclosure judgment against the Property.  As of September 3, 2013, the Proponent estimates that $3,017,032 will be due under that judgment, as set forth on Exhibit A hereto.

4.      In addition, there are New York City lien claims against the Property estimated in the amount of $107,000 as set forth on the records of the certificate of holder of certain liens that the City has assigned, a copy of which is annexed hereto as Exhibit B.

5.      According to the Debtor, Chapter 11 administration claims total $50,000.

6.      Filed Priority and Administration tax Claims in this case total $135,293 after Claims 1 (NYS $182), 2 (IRS $98,538), 2(a) (IRS Duplicate 2011 taxes), 3 (NYC $1,692), 5 (IRS $33,744) and 6 (NYC $1,137).  See Exhibit C.

7.      The total exposure with respect to general unsecured claims is $2,137,869 at this time, representing claims by the IRS ($139,114), Faysargol ($635,000), Neiss ($1,300,00), the former owner's $50,000 judgment subject, and late filed $13,755 claim by Barry Feerst for attorneys' fees.   See Exhibit D.  Claims are subject to reduction through claims objections including objections to the Neiss and Faysagol claims totaling $1,935,000 scheduled to be heard on the hearing date on this motion.

8.      The origin of the Debtor's financial problems appears to be the Debtor's inability to raise sufficient funds to redevelop the Property from an SRO hotel to a more productive use as residential apartments, or a single family home.  The Debtor defaulted on its mortgage, a receiver was appointed, and ultimately the Proponent obtained its foreclosure judgment.  This is the Debtor's second Chapter 11 filing.  The first case was dismissed because the Debtor the Debtor failed to raise the funds necessary to confirm a plan.

## THE PROPONENT'S PLAN

9.      The Proponent believes that the most expedient means by which to solve the Debtor's problems is through confirmation of its Chapter 11 plan under which the Proponent sells the Debtor's Property, pays administration and priority claims, and creates a $100,000 fund for the payment of general unsecured creditor claims.

10.     If general unsecured claims are not reduced below the existing $2,137,869 level, the distribution to general unsecured creditors will be about 5%.  If the Neiss and Faysargal claims totaling $1,935,000 are expunged, the remaining claims will total $202,869 resulting in about a 50% distribution.  And if the Debtor's prior statements regarding the IRS claims are true, and the Debtor owes no taxes but has simply failed to file returns, unsecured claims may be reduced by an additional $139,114 representing the IRS unsecured claim, then the Mortgagee's $100,000 carve will result in payment in full in cash to all creditors at closing.

11.     On July 26, 2013, the Bankruptcy Court entered an order approving the Proponent's Disclosure Statement.  The Proponent filed an affidavit of service with the Bankruptcy Court indicating service on all parties in interest on July 27, 2013.

12.     As part of the order approving the Proponent's Disclosure Statement, the Bankruptcy Court also approved sale procedures for the sale of the Property.

13.     At the confirmation hearing, the Proponent will conduct a sale of the Debtor's Property in furtherance of the Proponent's Chapter 11 Plan.

14.     The opening bid will be $3,000,000 by the Proponent.

15.     Plan projections assuming a sale of the Property at the $3,350,000 appraised value

are set forth below:

| Sale Proceeds | |
|---|---|
| Real Property and misc. personal property | $3,350,000 |

| Plan Distributions | |
|---|---|
| Administration Claims | $50,000 |
| New York City real estate tax, water, sewer and other liens. | $107,000 |
| West 22nd LLC | $2,957,707 ($59,325 shortfall) |
| Priority Claims under Sections 507(a)(2),(3),(4),(5),(6),(7) and (8) of the Bankruptcy Code. | $135,293 |
| General Unsecured Claims | $100,000 carve out |
| **Total** | $3,350,000 |

16.     Distributions under the Plan will be greater than in a Chapter 7 case given the

increased administrative expense of a Chapter 7 which the Proponent projects to be 20% of the

sale proceeds, and given the absence of a carve out for general unsecured creditors.

## THE BANKRUPTCY CODE CONFIRMATION ELEMENTS

17.     The Plan complies with the applicable provisions of the Bankruptcy Code,

pursuant to section 1129(a)(1), such as compliance with the rules for classification of claims

under section 1122 of the Code and the plan requirements under section 1123 of the Code.

18.     The Proponent has complied with the applicable provisions of the Bankruptcy

Code pursuant to section 1129(a)(2) such as compliance with the disclosure and solicitation

requirements of section 1125 and 1126 of the Code.

19.     The Plan has been proposed in good faith and not by any means forbidden by law pursuant to section 1129(a)(3) inasmuch as the plan is consistent with the general intent of the Code to permit the liquidation of a debtor's assets to maximize the return to creditors.

20.     Any payment made or promised by the Debtor or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in, or in connection with, the Bankruptcy Case, or in connection with the Plan and incident to the Bankruptcy Case, has been disclosed to the Bankruptcy Court, and any such payment made before the confirmation of the Plan is reasonable, or if such payment is to be fixed after confirmation of the Plan, such payment is subject to the approval of the Bankruptcy Court as reasonable, pursuant to section 1129(a)(4). This section is inapplicable herein.

21.     Post-confirmation management of the Debtor will remain unchanged. That is consistent with section 1129(a)(5) because post-confirmation the Debtor will be inactive and wound up, so existing creditors will no longer be affected by the Debtor's operation post-confirmation.

22.     The Plan does not propose a rate change for which governmental regulatory commission approval is required, pursuant to section 1129(a)(6).

23.     The Class 2 Proponent and Class 4 general unsecured creditors are impaired. Class 2 voted to accept Class 4 voted to reject. Accordingly, the requirement under section 1129(a)(7) of the Bankruptcy Code is deemed satisfied, i.e., with respect to each class of impaired Claims, either each holder of a Claim or interest of such class has accepted the Plan, or will receive or retain under the Plan on account of such Claim or interest property of a value, as

of the Effective Date of the Plan, in an amount that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated on such date under Chapter 7 of the Bankruptcy Code.

24.    The Plan does not satisfy the requirement of section 1129(a)(8) i.e., that each class has accepted the Plan, or is not impaired under the Plan.  Class 4 has not accepted and is impaired.  Accordingly, the Proponent seeks to cram down Class 4 under section 1129(b)(2)(B) of the Bankruptcy Code.  In that regard, no party junior to Class 4 is entitled to a distribution, and, therefore, the Plan can be confirmed over the rejection by Class 4.

25.    Except to the extent that the holder of a particular Claim has agreed to a different treatment of such Claim, the Plan provides that priority and administration claims will be paid in full on the Effective Date, or as soon thereafter as the Allowed Amounts of such Claims are determined, thereby satisfying thereby satisfying section 1129(a)(9) of the Code.

26.    Classes 2 is impaired and it voted to accept the Plan.  Thus, the Debtor has satisfied the requirement of section 1129(a)(10) of the Code, that at least one class of impaired Claims has accepted the Plan.

27.    Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtor or any successors to the Debtor under the Plan pursuant to section 1129(a)(11), since the Debtor intends to liquidate the sale proceeds under the Plan.

28.    All fees payable under section 1930 of title 28, as determined by the court at the hearing on confirmation of the plan, have been paid or the plan provides for the payment of all such fees on the effective date of the plan pursuant to section 1129(a)(12).

29.    The Debtor does not have retirement benefits obligations, and, therefore, section 1129(a)(13) relating to retirement benefits does not apply to this case.

## **CONCLUSION**

30.    Based upon the foregoing, the Debtor respectfully requests that the Court confirm the Plan.

Dated: New York, New York
       August 29, 2013

s/David Godbout, as Managing Member

# Exhibit A

**West 22nd LLC**
**Note Analysis - Amount due as of September 3, 2013**

**Amount Due on Judgment on December 18, 2012**

| | |
|---|---:|
| Amount Due as of 8/18/11 (Referee's Computations) | $ 2,408,438.19 |
| Interest on Principal ($1,849,427.95) @ 24%($1,232.95p.d.) 08/18/11 - 11/05/12(entry) | 548,662.75 |
| Interest on Advances ($7,643.01)(intervest Bank & Con Ed dep @24% $5.10 p.d.) to 11/05/12(entry) | 11,787.50 |
| Interest on judgment @9% ($593.86 p.d.) from Entry to Filing (01/18/13). | 25,535.98 |
| Advances post Referee's report  (4/23/12). | 3,723.53 |
| Interest on post referee's report Advances @ 24% ($2.44 p.d.) to entry(11/5/12) | 104.92 |
| Post judgment interest on advances at 9% (.92p.d.) to filing (01/18/13) | 39.56 |
| Costs, Disbursements and allowance in judgment | 1,500.00 |
| Referee's Fees to sell | 500.00 |
| Publication of Sale | 2,500.00 |
| Adjustment for Addition error in court judgment | (300.00) |

| | |
|---|---:|
| **Total Amount Due on Judgment on December 18, 2012** | **$ 3,002,492.43** |

**Judgment interest 9% or $740.00 per day**

| | |
|---|---:|
| Period  December 18, 2012 through March 31, 2013 (103 days) | $    76,220.00 |
| Period April 1, 2013 through June 30, 2013 (91 days) | 67,340.00 |
| Period July 1, 2013 through Sept 3, 2013 (65 days) | 48,100.00 |

**Less Interest Paid**

| | |
|---|---:|
| Interest from Borrower 2/7/13 | (57,720.00) |
| Interest from Borrower 5/31/13 | (15,000.00) |
| Distribution from Receiver Account 6/27/13 | (24,000.00) |
| Interest from Borrower 6/17/13 | (22,000.00) |
| Interest from Borrower 7/25/13 | (44,000.00) |
| Interest from Borrower 8/9/13 | (22,000.00) |

**Protective Advances**

| | |
|---|---:|
| Seegobin - Paid 6/3/13 Protective advance Cleaning and disposal of garbage on property. | 5,200.00 |
| Blakely Stern - Paid 6/12/13 Reimburse for pymts made to Seegobin for cleaning | 2,400.00 |
| Evins Pest Control paid 6/3/13 | 163.31 |

**Total Amount Due on Note as of September 3, 2013**

| | |
|---|---:|
| | **$ 3,017,195.74** |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------------------------

Index No. 650877/2010

WEST 22ND LLC, assignee of
INTERVEST NATIONAL BANK,

                                    Plaintiff,

                    -against-

NEW YORK SPOT INC.,
NCC CAPITAL LLC, NEW YORK STATE,
NEW YORK CITY, CHARLES NEISS,
NEW YORK CITY DEPT OF HOUSING PRESERVATION
& DEVELOPMENT, ANDREW THOMPSON, NEW YORK
CITY ENVIRONMENTAL CONTROL BOARD
                                    Defendants.

----------------------------------------------------------

JUDGMENT  with
<u>NOTICE OF ENTRY</u>

 

PLEASE TAKE NOTICE that the within is a true copy of a JUDGMENT

duly entered in the office of the clerk of the County of  New York on November

5, 2012.

Dated:  New York, New York
                November 8, 2012

                                        Yours etc.,

                                        EINIG & BUSH, LLP
                                        Attorneys for Plaintiff
                                        420 Lexington Avenue, Suite 2320
                                        New York, New York  10170
                                        (212) 983-8866

                                        By: Michael R. Bush

FILED: NEW YORK COUNTY CLERK 11/05/2012

INDEX NO. 650877/2010

NYSCEF DOC. NO. 55

RECEIVED NYSCEF: 11/07/2012

At  Part  4H  of the
Supreme Court of the State of
New York, held in and for the
County of New York at the
Courthouse, 60 Centre Street,
New   York,   NY  1st  day  of
October  2012

P R E S E N T:

HON. MILTON A TINGLING

JUSTICE.

------------------------------------------x   Index No. 650877/2010
INTERVEST NATIONAL BANK,

                                ORDER AND
                Plaintiff,      JUDGMENT OF
                                FORECLOSURE
                                 AND SALE.

    -against-

NEW YORK SPOT INC.,
NCC CAPITAL LLC, NEW YORK STATE,
NEW YORK CITY, CHARLES NEISS,
NEW YORK CITY DEPT OF HOUSING PRESERVATION
& DEVELOPMENT, ANDREW THOMPSON, NEW YORK
CITY ENVIRONMENTAL CONTROL BOARD
                Defendants.
------------------------------------------x

    On the Notice of Motion by Plaintiff, dated September 23,

2011, the affirmation in support of the motion of Michael R. Bush

dated September 23, 2011, the Notice of Cross Motion of Defendant

New York Spot dated November 7, 2011, the affirmation of Sol

Memelstein dated November 7, 2011 in opposition to the motion and

in support of the Cross Motion, the affidavit of Yehuda Neckelbaum

dated November 7, 2011, in support of the cross motion and in

opposition to the motion, the affirmation of Michael R. Bush, dated

November 10, 2011 in opposition to the crossmotion and in reply to

the opposition to the motion, and the motion having been heard

before the Court on December 5, 2011 and upon the decision of the

Court dated March 2, 2012,

1

ORDERED that the motion is granted in its entirety and the CrossMotion is denied in it entirety and

Upon the Summons, Complaint, and Notice of Pendency of action duly filed in this action on or about the 11th Day of July 2010. The Order of Reference dated April 8, 2011 and all proceedings thereon, and on reading and filing the affirmation of MICHAEL R. BUSH, Esq., counsel for plaintiff, dated September 21, 2011 from which it appears that each of the defendants herein have been duly served with the Summons and Complaint, in this action, or have voluntarily appeared personally or by their respective attorneys, and stating that more than the legally required number of days have elapsed since said defendants were so served and/or appeared: and that none of the defendants had served any answer to said Complaint, nor had their time to do so been extended: and that the Complaint herein and the Notice of Pendency containing all the particulars required to be stated therein was duly filed in the Office of the Clerk of the County of New York on September 18, 2011, and has not been amended to add new parties or to embrace real property not described in the original complaint, and a Referee having been duly appointed to compute the amount due to the plaintiff upon the note and mortgage set forth in the Complaint, and to examine and report whether the mortgage premises can be sold in parcels,

AND, on reading the report of MICHAEL ROBERTS, the Referee named in said Order of Reference, by which Report dated the 12TH day of September 2011, attached hereto, it appears that the sum of

2

$2,400,795.09 was due on Plaintiff's Mortgage as of August 18, 2011, and that the mortgage premises should be sold in one parcel.

ON Motion of Einig & Bush, LLP attorneys for the plaintiff it is

ORDERED, that the Judgment entered on May 3, 2012 is vacated, to be replaced by this Corrected Judgment, and it is further

ORDERED that the motion is granted, and it is further ORDERED, adjudged and decreed, That the said Report of MICHAEL ROBERTS dated September 12, 2011 be, and the same is hereby in all respects ratified and confirmed; and it is

ORDERED, ADJUDGED AND DECREED, that the above described-mortgaged premises or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of the sale and the costs of this action as provided by the Real Property Actions and Proceedings Law be sold, in one parcel, at public auction in Room 130 of the New York County Supreme Court, 60 Centre Street, New York, New York, on any Wednesday excepting a holiday by and under the direction of MICHAEL ROBERTS who is hereby appointed Referee for the purpose, that the said Referee shall set the date of sale and give public notice of the time and place of sale accordance with RPAPL 231 in New York Law Journal and it is further

ORDERED, ADJUDGED AND DECREED that said Referee shall accept at the sale the highest bid offered by a bidder, who shall be identified upon the court record, and shall require that such successful bidder immediately pay to the Referee, ten per cent of the sum bid and shall execute the Terms of Sale for the purchase of

3

the premises, unless such successful bidder is the plaintiff herein, in which case, no deposit against the purchase price shall be required, and it is further

ORDERED, ADJUDGED AND DECREED that in the event that the first successful bidder fails to immediately pay the ten per cent as provided herein or fails to execute the Terms of Sale immediately following the bidding upon the subject property, the property shall thereafter immediately, on the same day, be reoffered at auction and it is further

ORDERED, ADJUDGED AND DECREED that the closing of title shall take place at the Office of the Referee or at such other location as the Referee shall determine within thirty days after such sale unless otherwise stipulated by all parties and it further

ORDERED, ADJUDGED AND DECREED that Referee deposit all funds received pursuant to this Order in his name as Referee in Referee's I.O.L.A. account or in ____ Chase Bank ____ Bank). And it is further

ORDERED, ADJUDGED AND DECREED that said Referee on receiving the proceeds of such sale shall forwith pay therefrom:

FIRST:    The statutory fees and commissions of said Referee pursuant to CPLR §8003(b) which shall not exceed $500.00  In the event the sales price exceeds fifty thousand dollars and additional compensation (including commissions) in excess of $500 is sought pursuant to CPLR §8003(b), and if no surplus monies are produced by the sale, the parties may present a stipulation, signed by the Referee and all parties appearing, agreeing to a stated sum,

4

to be so-ordered by the Court.  Where surplus monies will be available following distribution of sums as provided herein, or where the parties are unable to agree to the Referee's proper compensation under CPLR § 8003(b), application shall be made to the Court on notice to all parties known to be entitled to claim against any surplus monies, including the defaulting owner of the equity of redemption. Such application shall be promptly submitted to the Court within five days of the transfer of the deed and prior to filing the Report of Sale.  The five day period for the payment of surplus money into the Court as set forth in RPAPL § 1354(4), and the thirty day period set forth in RPAPL § 1355 FOR THE FILING OF THE Report of Sale shall be deemed extended pending the decision of the Court regarding such application

In the event a scheduled sale is cancelled or postponed, pursuant to CPLR § 8003(a), plaintiff shall compensate the Referee in the sum of $250.00 for each adjournment or cancellation unless the Referee has requested the delay. Such compensation may be recouped from the proceeds of sale as a cost to plaintiff.  This Order shall constitute the necessary prior authorization for compensation as set forth herein.

No compensation in excess of $750., including compensation authorized pursuant to CPLR § 8003(a) for computation of the sum due to plaintiff, may be accepted by the Referee without Court approval and compliance with the filing provisions of Section 36.4 of the Rules of the Chief Judge.

SECOND:  The expenses of the sale, including the cost of

5

advertising expenses as shown on the bills presented and certified by said Referee to be correct, copies of which shall be annexed to the Report of Sale.

THIRD:    Pursuant to Real Property and Proceedings Law § 1354, in accordance with their priority according to law, taxes assessments, sewer rents, water rates and any charges placed upon the property by a city agency which have priority over the foreclosed mortgage, which are liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to date of payment.

FOURTH Said Referee shall  then pay to the plaintiff or its attorney the sum of $ 1,500.00 for costs and disbursements in this action, to be taxed by the Clerk and inserted herein, with interest from the date hereof, together with an additional allowance of $ 300.00 hereby awarded to the plaintiff in addition to costs with interest thereon from the date hereof; and also the sum of $2,400,795.09 the said amount so reported due as aforesaid, together with interest together with interest thereon pursuant to the terms of the Note from August 18, 2011, the date the interest was calculated in said Report, to the date of entry of this Order, and thereafter at the statutory post judgment rate to the date of transfer of title  or such much thereof as the purchase money of the mortgaged premises will pay of the same, together with any advances as provided for in the note and mortgage which plaintiff may have made for taxes,  insurance, principal and interest any other charges due to prior mortgages or to maintain the premise pending the

consummation of this foreclosure sale, not previously included in the computation, upon presentment to the Referee of receipts for said expenditures, all together with interest thereon pursuant to the note and mortgage as above provided. Copies of receipts shall be annexed to the Referee's Report of Sale. It is further

ORDERED, ADJUDGED AND DECREED that in case the plaintiff be purchaser of said mortgaged premises at said sale, said Referee shall not require the plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver only to plaintiff a deed of the premises sold upon the payment to said Referee of the sum awarded to him or her under the above provisions marked "FIRST", "SECOND" and ''THIRD'' if such expenses were paid by the Referee, or in lieu of payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing payment thereof. The balance of the amount bid, after deducting therefrom the aforementioned payments to the Referee for compensation and expenses, taxes, assessments, sewer rents, water rents, and priority liens of a city agency, shall be allowed to the plaintiff and applied by said Referee upon the amounts due the Plaintiffs specified in the items marked ''FOURTH''. If upon so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the plaintiff, the plaintiff shall pay to said Referee, upon delivery to plaintiff of said Referee's deed, the amount of such surplus. Any surplus remaining after all payments as herein provided shall be deposited into Court in accordance with RPAPL § 1354(4) and the Referee shall immediately

7

give notice of such surplus to the owner of the mortgaged premises as identified by plaintiff at the time of the sale, and it is further

ORDERED, ADJUDGED AND DECREED that said Referee take the receipt of the plaintiff or plaintiff's attorney for the amounts paid as hereinbefore directed in item marked "FOURTH", and file it with his/her report of sale; that he/she deposit the surplus monies, if any, with the New York County Clerk within five days after the same shall be received unless such period be deemed extended by the filing of an application for additional compensation as set forth herein, to the credit of this action, to be withdrawn only on the order of the Court. signed by a Justice of the Court; that the said referee make his/her Report of such Sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the persons to whom payments was made and file it with the New York County Clerk , within thirty days after completing the sale and executing the proper conveyance to the purchaser or within thirty days of the decision of the court with respect to any application for additional compensation, and it is further

ORDERED, ADJUDGED AND DECREED that if the proceeds of such sale be insufficient to pay the amount reported due to the plaintiff with interest and costs as aforesaid, the plaintiff may recover from the defendants NEW YORK SPOT, INC. the whole deficiency or so much thereof as this Court may determine to be just and equitable of the mortgaged debt remaining unsatisfied after the sale of the mortgaged premises and the application of the proceeds thereof, provided a

motion for a deficiency judgment shall be made as proscribed by Section 1371 of the Real Property and Proceedings Law within 90 days of the delivery of the deed by the Referee, and the amount thereof is determined and awarded by an order of this Court as provided for in said action; and it is further

ORDERED, ADJUDGED AND DECREED that the purchaser or purchasers at such sale be let into possession on production of Referee's deed or deeds; and it is further

ORDERED. ADJUDGED AND DECREED, that each and all of the defendants in this action and all persons claiming under any of them, after the filing of such Notice of Pendency of this action, are hereby forever barred and foreclosed of all right, claim, lien, title. interest and equity of redemption in the said mortgaged premises and each and every party thereof; and it is further

ORDERED, ADJUDGED AND DECREED, that said premises is to be sold in one parcel in "as is" physical order and condition on the day of sale. subject to any state of facts that an inspection of the premises would disclose, any state of facts that an accurate survey of the premises would show; any covenants, restrictions declarations, reservations, easements, right of way and public utility agreements of records, any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same, any rights of tenants or persons in possession of the subject premises. prior liens of record, except those liens address in Real Property Actions and Proceedings Law, and any equity of redemption of the United States of America to

redeem the premises within 120 days from the date of sale. Risk of loss shall not pass to Purchaser until closing of title.

ORDERED, that in the Absence of the Referee, the Court may designate a Substitute Referee forthwith; and it further

ORDERED, that the Referee appointed herein is subject to the requirements of Rule 36.2©) of the Chief Judge, and if the Referee is disqualified from receiving an appointment pursuant to the provision of that Rule, the Referee shall notify the appointing Judge forthwith;

A description of the said mortgaged premises herein before mentioned is annexed hereto as Exhibit "A" and made a part hereof. Said property being known as 442 West 22nd Street, New York(Block 719, Lot 66) and it is further

ORDERED, that the caption of the instant action is hereby amended accordingly to reflect the assignment of the mortgage and cause of action and that the Clerk of the County of New York be and hereby is directed to amend the Notice of Pendency to reflect the

aforesaid amendments, without prejudice to the proceedings heretofore had herein, nunc pro tunc to July 18, 2010, so that the

10

caption now reads:

WEST 22ND LLC, assignee of
INTERVEST NATIONAL BANK
                    Plaintiffs,        Index No. 650877/10

- against -

NEW YORK SPOT INC.,
NCC CAPITAL, LLC, NEW YORK STATE,
NEW YORK CITY, CHARLES NEISS, NEW YORK
CITY DEPT OF HOUSING PRESERVATION &
DEVELOPMENT, ANDREW THOMPSON, NEW YORK
CITY ENVIRONMENTAL CONTROL BOARD
                                                    X

E N T E R :

_mgt_

J. S. C.

Judge Milton A. Tingling

Norman Goodman

Clerk of the court

FILED

NOV - 5 2012

COUNTY CLERK'S OFFICE
NEW YORK

11



## Schedule A Description

Title Number RNY-064390                                          Page    1

ALL that certain plot, piece or parcel of land with the buildings and improvements thereon erected, situated in the 16th Ward of the City of New York, known and distinguished on a map of certain lands belonging to Clement C. Moore at Greenwich, in the City of New York, recorded in the Register's Office of the City and County of New York, in Liber 235 of Conveyances Pages 556 and 557 by the number 389 and bounded northeastwardly in front by 22nd Street, southeastwardly by Lot number 390 on said map, southwestwardly by the center line of the block between 21st and 22nd Street, and northwestwardly by lot number 388 on said map. Containing in width, in front and rear 24 feet 9 inches, more or less, and in length on each side, 98 feet 8 inches more or less, said premises being distant 375 feet northwestwardly from 9th Avenue.

BEING known as 442 West 22nd Street and designated as Block 719 Lot 66.

Also known as:

ALL that certain plot, piece or parcel of land with the buildings and improvements thereon erected, situate, lying and being in the Borough of Manhattan, County of New York, City and State of New York, bounded and described as follows:

BEGINNING at a point distant 400.4 feet southeasterly from the corner formed by the intersection of the Southerly side of West 22nd Street and the Easterly side of 10th Avenue;

RUNNING THENCE southeasterly on West 22nd Street, 25 feet;

THENCE southwesterly parallel with 10th Avenue, 98.9 feet

THENCE northwesterly parallel with West 22nd Street, 25 feet;

THENCE northeasterly parallel with 10th Avenue, 98.9 feet to the point or place of BEGINNING.

FILED: NEW YORK COUNTY CLERK 09/07/2012

NYSCEF DOC. NO. 49

INDEX NO. 650877/2010

RECEIVED NYSCEF: 09/07/2012

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------X

INTERVEST NATIONAL BANK

**INDEX NO. 650877/10**

Plaintiff,

**BILL OF COSTS**
**TO PLAINTIFF**

- against -

NEW YORK SPOT, INC.,
NCC CAPITAL LLC, NEW YORK STATE,
NEW YORK CITY, CHARLESS NEISS,
NEW YORK CITY DEPT. OF HOUSING
PRESERVATION AND DEVELOPMENT, ANDREW
THOMPSON, NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD,

Defendant(s).

-----------------------------------------------------------------X

*I HEREBY CERTIFY THAT I HAVE
ADJUSTED THIS BILL OF COSTS AT*
*$ 1,500.00*

*NOV - 5 2012*

*Norman Goodman*
CLERK

**COSTS:**

| | |
|---|---|
| Cost before note of issue CPLR §8201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $200.00 |
| Allowance by statue (CPLR §8302) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 50.00 |
| Percentage: on $200.00 at 10% . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 20.00 |
| on additional $800. at 5% . . . . . . . . . . . . . . . $40.00 . . . . . . . . . . . . . . | $ 40.00 |
| on additional $2,500. at 2% . . . . . . . . . . . . . . $40.00 . . . . . . . . . . . . . . | $ 40.00 |
| on additional $5,000. at 1% . . . . . . . . . . . . . . $50.00 . . . . . . . . . . . . . . | $ 50.00 |
| | $400.00 |

**DISBURSEMENTS:**

| | |
|---|---|
| Fee for index number (CPLR §8018 (a)). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $210.00 |
| Notice of Pendency . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 35.00 |
| Paid for searches (CPLR §8301 (a)(10)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ ~~350.00~~ $250.00 |
| Referee's Fee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ ~~250.00~~ $50.00 |
| Request for Judicial Intervention . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 95.00 |
| Motion(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 135.00 |
| Service of process | $ ~~280.00~~ $325.00 |
| **SUBTOTAL:** | $ ~~1,265.00~~ $1,100 |

TOTAL COSTS AND DISBURSEMENTS: ~~$1,655.00~~ $1,500.00

Costs adjusted at $_____ this day of _____, 2012

_____

CLERK

STATE OF NEW YORK }
                  }SS
COUNTY OF NEW YORK }

     The undersigned, an attorney admitted to practice in the courts of this State affirms, under penalties of perjury; that he is an attorney of Einig & Bush, LLP, for the plaintiff of record in the above-entitled action; that the foregoing disbursements have been necessarily made and are reasonable in amount; and that copies of documents or papers as charged herein were actually and necessarily obtained for use.

Dated:  New York, New York                    Signed Pursuant 22 NCYRR 130-1.1-a
        September 7, 2012


BY: _____
    MICHAEL R. BUSH


**FILED]**

NOV – 5 2012

COUNTY CLERK'S OFFICE
    NEW YORK

FILED: NEW YORK COUNTY CLERK 09/07/2012
NYSCEF DOC. NO. 50

INDEX NO. 650877/2010
RECEIVED NYSCEF: 09/07/2012

Index No. 650877/10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

INTERVEST NATIONAL BANK,

Plaintiff,

-against-

NEW YORK SPOT, INC.,
NCC CAPTIAL, LLC  NEW YORK STATE
NEW YORK CITY, CHARLES NEISS,
NEW YORK CITY DEPT OF HOUSING
PRESERVATION & DEVELOPMENT
ANDREW THOMPSON; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD;

Defendants.

JUDGMENT OF FORECLOSURE AND SALE

EINIG & BUSH LLP
Attorneys for Plaintiff
420 Lexington Ave. Suite 2320
New York, NY 10170
(212) 983-8866 (x 114)

Michael R. Bush

FILED

NOV -5 2012

AT  11:39  A M
N.Y., CO. CLK'S OFFICE

**Print**  |  **Close Window**

Subject: **NYSCEF: New York - Foreclosure 650877/2010 <JUDGMENT> (Intervest National Bank - v. - New York Spot Inc et al) Confirmation Of EFiling**

From: NewYorkEF@courts.state.ny.us

Date: Wed, Nov 07, 2012 3:07 pm

To: drice@ricepllc.com, seuesq@gmail.com, fclmrb@msn.com, kross@law.nyc.gov, sol@solmermelstein.com, N07009KROSS@NYELAW.COM

 # *New York County Supreme Court*

# *Notification - 11/07/2012*

This is an AUTOMATED response for Supreme Court / Court of Claims cases.
The NYSCEF web site has received document(s) from the court filing user for case/claim number

# 650877/2010

E-mail Notifications Sent to:

**BUSH, MICHAEL R - fclmrb@msn.com**
**MERMELSTEIN, SOL - sol@solmermelstein.com**
**ROSS, KAREN M - N07009KROSS@NYELAW.COM**
**UNGER, SALLY E - seuesq@gmail.com**

---------------------------------------------------------

### Please retain this notification for your records.

Case Caption: **Intervest National Bank - v. - New York Spot Inc et al**

Judge: **Milton A Tingling**

| Doc # | Document Type | Description | Motion # | Received date/time |
|-------|---------------|-------------|----------|--------------------|
| 55    | JUDGMENT      |             |          | 11/07/2012 03:07 PM |

*Filing User Information*

| Filing User Name | *** Court Employee *** | Work Address | |
|---|---|---|---|
| Phone Number | | | |
| Fax Number | | | |
| E-mail Service Address | | | |

Please note that if the document referred to in this message is an order or judgment that was scanned into NYSCEF by the County Clerk or his or her designee, this message does not constitute notice of entry thereof by any party. A party must serve a copy of the order or judgment and notice of its entry (CPLR 5513). E-Filing Rules provide that such service may be made either by: (1) posting the documents to NYSCEF and thereby causing them automatically to be served via NYSCEF on all participating parties in the case, or (2) serving them in hard copy by any method authorized by the CPLR. In the latter case, proof of such hard copy service, clearly denominated as such, must be filed thereafter with the NYSCEF system.

THIS E-MAIL IS INTENDED ONLY FOR THE USE OF THE NAMED ADDRESSEE(S) AND FOR THE PURPOSES OF THE ELECTRONIC FILING SYSTEM. IF YOU ARE NEITHER THE INTENDED RECIPIENT NOR A PERSON DESIGNATED TO RECEIVE MESSAGES ON BEHALF OF THE INTENDED RECIPIENT, PLEASE NOTIFY THE SENDER IMMEDIATELY. THANK YOU.

Copyright © 2003-2012. All rights reserved.

# Exhibit B

**Tax Lien Payoff Quote Cover Letter**

**www.TaxLienSupport.com**

MTAG Services LLC
P.O. Box 223749
Pittsburgh, PA, 15251 - 2749

Wednesday, December 19, 2012

To Whom It May Concern:

Per your request, attached is the payoff lien quote you requested for 442 WEST 22 STREET, NEW YORK, 10011.

If you are unable to pay the balance in full, you may be eligible to enter into a forbearance agreement. Please contact one of our representatives at our toll free number listed below to discuss your eligibility.

When sending payment, please be sure to include interest listed for the date that we will receive it. We will refund overpayments but will not release a lien if it is not fully paid.

If you send a certified check or money order we will begin processing the release seven days after payment receipt. If you send a personal or company check we are required to wait ninety days before beginning the release process. Once you receive the release it is your responsibility to have it recorded at the City Register's Office.

Be sure to complete the "Send Release To" section of the attached payoff quote with the address to which you would like the lien release sent. Return this with your payment so you receive the release promptly after it is created.

To dispute Water & Sewer charges, please contact the Ombudsperson of the NYC Dept. of Environmental Protection:
Patrick Hendricks at (718)-595-3352 or ombuds@dep.nyc.gov.
59-17 Junction Boulevard, Flushing, 13th Floor, NY 11373

To dispute HPD charges, please contact the Ombudsperson of the NYC Dept. of Housing Preservation and Development:
Althea Hunter at (212)-863-6048

For Real Property Tax and other charges and Senior Citizen concerns, please contact the Ombudsperson of the NYC Dept. of Finance:
James Mortley at 212-440-5408 or 212-440-5407 or taxlien@finance.nyc.gov
59 Maiden Lane, 28th Floor, NY, NY 10038

If you have any questions please feel free to contact us at (800) 750-9210, or at support@MTAGservices.com

Sincerely,

MTAG Services LLC

Servicer for New York City Tax Lien Trust 2011-A

IF THIS ACCOUNT HAS BEEN REFERRED TO AN ATTORNEY FOR FORECLOSURE, THIS PAYOFF QUOTE MAY INCLUDE ESTIMATED LEGAL FEES AND COSTS. ADDITIONAL CHARGES MAY BE ADDED AS A RESULT OF FORECLOSURE-RELATED FEES OR COSTS. ALL ADDITIONAL CHARGES MUST BE PAID IN ORDER FOR THE LIEN TO BE SATISFIED. PLEASE BE ADVISED THAT THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND THAT WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. The City of New York sold outstanding tax liens to the NYCTL 2011-A Trust ('Trust') pursuant to a Tax Lien Certificate. The Trust has authorized MTAG Services, LLC ('MTAG') to service and collect the tax liens. These delinquent taxes are now owed to the NYCTL 2011-A Trust, not to the City of New York.

*** Please return a copy of this statement with your payment ***

# MTAG - Tax Lien PayOff Quote

This document is meant for the named recipient. If you are not the named recipient of this fax, please contact MTAG at the number listed on this fax and destroy the fax.

www.TaxLienSupport.com

Inquiries please call:
MTAG: 800-750-9210

**Lien #: 981764**    **Account: 1-00719-0066**    **Borough: 1**    **Block/Lot: 719/66**

## Property Information

| 12/25/2012 | |
|---|---|
| Total Amount Due | $6,458.34 |
| Lien Amount Sold | $2,360.78 |
| Interest | $674.90 |
| Fees Due | $3,422.66 |

### Lien Amount Sold Breakdown

| | |
|---|---|
| Property | $0.00 |
| DEP Water | $0.00 |
| DOF Water | $0.00 |
| ERP | $2,051.46 |
| Other | $0.00 |
| Noticing | $196.90 |
| Surcharge | $112.42 |

### Interest Breakdown

| | |
|---|---|
| Property Interest | $0.00 |
| DEP Water Interest | $0.00 |
| DOF Water Interest | $0.00 |
| ERP Interest | $0.00 |
| Other Interest | $674.90 |
| Total Amount Due | $0.00 |
| | $6,458.34 |

## Attorney Fees Breakdown

| | |
|---|---|
| Advertising | $0.00 |
| Attorney Fees | $0.00 |
| Court Filing Fees | $0.00 |
| Foreclosure Search | $532.66 |
| Legal Expenses | $35.00 |
| Legal Fees | $2,045.00 |
| Other | $0.00 |
| Publication | $0.00 |
| Referee | $0.00 |
| Service Processing | $810.00 |
| **Total Fees** | **$3,422.66** |
| Payment Received | $0.00 |
| **Fees Due** | **$3,422.66** |

| 12/26/2012 | | 12/27/2012 | |
|---|---|---|---|
| Property Interest | $0.00 | Property Interest | $0.00 |
| DEP Water Interest | $0.00 | DEP Water Interest | $0.00 |
| DOF Water Interest | $0.00 | DOF Water Interest | $0.00 |
| ERP Interest | $676.40 | ERP Interest | $677.90 |
| Other Interest | $0.00 | Other Interest | $0.00 |
| **Total Amount Due** | **$6,459.84** | **Total Amount Due** | **$6,461.34** |

| 12/28/2012 | | 12/29/2012 | |
|---|---|---|---|
| Property Interest | $0.00 | Property Interest | $0.00 |
| DEP Water Interest | $0.00 | DEP Water Interest | $0.00 |
| DOF Water Interest | $0.00 | DOF Water Interest | $0.00 |
| ERP Interest | $680.90 | ERP Interest | $682.40 |
| Other Interest | $0.00 | Other Interest | $0.00 |
| **Total Amount Due** | **$6,464.34** | **Total Amount Due** | **$6,465.84** |

| 12/30/2012 | | 12/31/2012 | |
|---|---|---|---|
| Property Interest | $0.00 | Property Interest | $0.00 |
| DEP Water Interest | $0.00 | DEP Water Interest | $0.00 |
| DOF Water Interest | $0.00 | DOF Water Interest | $0.00 |
| ERP Interest | $679.40 | ERP Interest | $683.90 |
| Other Interest | $0.00 | Other Interest | $0.00 |
| **Total Amount Due** | **$6,462.84** | **Total Amount Due** | **$6,467.34** |

| | |
|---|---|
| Total Previous Payments: | $0.00 |
| Accrual Date | 8/4/2011 |

## Payment Information:

Make checks payable to:
NYCTL 2011-A Trust MTAG
Please do not indicate
PAYMENT IN FULL
on your check

## Send Release to:

Company:

Attention:

Mailing Address:

Contact Phone Number:

To:

Send payment via Regular Mail to:
NYCTL 2011-A / MTAG
P.O. Box 223749
Pittsburgh, PA, 15251 - 2749

Send payment via overnight courier to:
NYCTL 2011-A / MTAG - Attn: Box# 223749
500 Ross Street 154-0455
Pittsburgh, PA, 15262 - 0001
Priority AM Delivery Required

12/19/2012 7:59:40 AM (MFCKNNelson)

**Tax Lien Payoff Quote Cover Letter**

**www.TaxLienSupport.com**

MTAG Services LLC
P.O. Box 223821
Pittsburgh, PA, 15251 - 2821

Wednesday, December 19, 2012

To Whom It May Concern:

Per your request, attached is the payoff lien quote you requested for 442 WEST 22 STREET, NY, NY, 10011.

If you are unable to pay the balance in full, you may be eligible to enter into a forbearance agreement. Please contact one of our representatives at our toll free number listed below to discuss your eligibility.

When sending payment, please be sure to include interest listed for the date that we will receive it. We will refund overpayments but will not release a lien if it is not fully paid.

If you send a certified check or money order we will begin processing the release seven days after payment receipt. If you send a personal or company check we are required to wait ninety days before beginning the release process. Once you receive the release it is your responsibility to have it recorded at the City Register's Office.

Be sure to complete the "Send Release To" section of the attached payoff quote with the address to which you would like the lien release sent. Return this with your payment so you receive the release promptly after it is created.

To dispute Water & Sewer charges, please contact the Ombudsperson of the NYC Dept. of Environmental Protection:
Patrick Hendricks at (718)-595-3352 or ombud@dep.nyc.gov.
59-17 Junction Boulevard, Flushing, 13th Floor, NY 11373

To dispute HPD charges, please contact the Ombudsperson of the NYC Dept. of Housing Preservation and Development:
Althea Hunter at (212)-863-6048

For Real Property Tax and other charges and Senior Citizen concerns, please contact the Ombudsperson of the NYC Dept. of Finance:
James Mortley at 212-440-5408 or 212-440-5407 or taxlien@finance.nyc.gov
59 Maiden Lane, 28th Floor, NY, NY 10038

If you have any questions please feel free to contact us at (800) 750-9210, or at support@MTAGServices.com

Sincerely,

MTAG Services LLC

Servicer for New York City Tax Lien Trust 2012-A

IF THIS ACCOUNT HAS BEEN REFERRED TO AN ATTORNEY FOR FORECLOSURE, THIS PAYOFF QUOTE MAY INCLUDE ESTIMATED LEGAL FEES AND COSTS. ADDITIONAL CHARGES MAY BE ADDED AS A RESULT OF FORECLOSURE-RELATED FEES OR COSTS. ALL ADDITIONAL CHARGES MUST BE PAID IN ORDER FOR THE LIEN TO BE SATISFIED. PLEASE BE ADVISED THAT THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND THAT WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. The City of New York sold outstanding tax liens to the NYCTL 2012-A Trust ("Trust") pursuant to a Tax Lien Certificate. The Trust has authorized MTAG Services, LLC ("MTAG") to service and collect the tax liens. These delinquent taxes are now owed to the NYCTL 2012-A Trust, not to the City of New York.

# MTAG - Tax Lien PayOff Quote

www.TaxLienSupport.com

Inquires please call:
MTAG: 800-750-9210

*** Please return a copy of this statement with your payment ***

This document is meant for the named recipient. If you are not the named recipient of this fax, please contact MTAG at the number listed on this fax and destroy the fax.

**Lien #: 1074622**  **Account: 1-00719-0066**  **Borough: 1**  **Block/Lot: 719/66**

To:

## Property Information

### 12/20/2012

| | |
|---|---|
| Total Amount Due | $93,488.63 |
| Lien Amount Sold | $86,781.42 |
| Interest | $6,707.21 |
| Fees Due | $0.00 |

### Lien Amount Sold Breakdown

| | |
|---|---|
| Property | $82,108.17 |
| DEP Water | $0.00 |
| DOF Water | $0.00 |
| ERP | $143.51 |
| Other | $208.68 |
| Noticing | $188.61 |
| Surcharge | $4,132.45 |

### Interest Breakdown

| | |
|---|---|
| Property Interest | $6,678.57 |
| DEP Water Interest | $0.00 |
| DOF Water Interest | $0.00 |
| ERP Interest | $11.67 |
| Other Interest | $16.97 |
| Total Amount Due | $93,488.63 |

## Attorney Fees Breakdown

| | |
|---|---|
| Advertising | $0.00 |
| Attorney Fees | $0.00 |
| Court Filing Fees | $0.00 |
| Foreclosure Search | $0.00 |
| Other | $0.00 |
| Publication | $0.00 |
| Referee | $0.00 |
| Service Processing | $0.00 |
| Total Fees | $0.00 |
| Payment Received | $0.00 |
| Fees Due | $0.00 |

### 12/21/2012

| | |
|---|---|
| Property Interest | $6,724.48 |
| DEP Water Interest | $0.00 |
| DOF Water Interest | $0.00 |
| ERP Interest | $11.75 |
| Other Interest | $17.09 |
| Total Amount Due | $93,534.74 |

### 12/22/2012

| | |
|---|---|
| Property Interest | $6,770.41 |
| DEP Water Interest | $0.00 |
| DOF Water Interest | $0.00 |
| ERP Interest | $11.83 |
| Other Interest | $17.21 |
| Total Amount Due | $93,580.87 |

### 12/23/2012

| | |
|---|---|
| Property Interest | $6,816.36 |
| DEP Water Interest | $0.00 |
| DOF Water Interest | $0.00 |
| ERP Interest | $11.91 |
| Other Interest | $17.32 |
| Total Amount Due | $93,627.01 |

### 12/24/2012

| | |
|---|---|
| Property Interest | $6,862.34 |
| DEP Water Interest | $0.00 |
| DOF Water Interest | $0.00 |
| ERP Interest | $11.99 |
| Other Interest | $17.44 |
| Total Amount Due | $93,673.19 |

### 12/25/2012

| | |
|---|---|
| Property Interest | $6,908.34 |
| DEP Water Interest | $0.00 |
| DOF Water Interest | $0.00 |
| ERP Interest | $12.07 |
| Other Interest | $17.56 |
| Total Amount Due | $93,719.39 |

### 12/26/2012

| | |
|---|---|
| Property Interest | $6,954.36 |
| DEP Water Interest | $0.00 |
| DOF Water Interest | $0.00 |
| ERP Interest | $12.15 |
| Other Interest | $17.68 |
| Total Amount Due | $93,765.61 |

**Total Previous Payments:** $0.00
**Accrual Date** 7/23/2012

## Payment Information:

Make checks payable to:
NYCTL 2012-A Trust MTAG
Please do not indicate
PAYMENT IN FULL
on your check

Send payment via Regular Mail to:
NYCTL 2012-A TRUST
P.O. Box 223821
Pittsburgh, PA, 15251 - 2821

Send payment via overnight courier to:
NYCTL 2012-A TRUST
Box 223821 500 Ross Street 154-0455
Pittsburgh, PA, 15262 - 0001
Priority AM Delivery Required

## Send Release to:

| Company: | Attention: | Mailing Address: | Contact Phone Number: |
|---|---|---|---|
| | | | |

12/19/2012 8:01:13 AM (MFICINNelson)

# Exhibit C



New York State Department of
## Taxation and Finance

Bankruptcy Section
P O Box 5300
Albany NY 12205-0300

**(518) 457-3160**

**Statement date:** 12/31/2012

**Case number:** 12-48530 CEC
Refer to this number for inquiries

**Total claim amount:** $182.79

## Pre-Petition Proof of Claim

**Taxpayer ID#:** B-90-0744708-2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
271 CADMAN PLAZA EAST
BROOKLYN, NY  11201

This is a statement of tax liabilities for NEW YORK SPOT INC.. Penalty and interest for each liability is computed to 12/18/2012.

### Secured Liabilities

| Tax Type | Period End | Notice Number | Tax | Penalty | Interest | Total | Type | Warrant Date | Cnty |
|---|---|---|---|---|---|---|---|---|---|
| CORP | 12/31/08 | L-036916618-4 | 0.00 | 0.00 | 28.84 | 28.84 | ACT | 12/11/12 | KING |
| CORP | 12/31/09 | L-036916619-3 | 25.00 | 79.75 | 19.90 | 124.65 | ACT | 12/11/12 | KING |
| CORP | 12/31/10 | L-036916620-3 | 0.00 | 25.84 | 3.46 | 29.30 | ACT | 12/11/12 | KING |
| | | | | | Total $ | 182.79 | | | |

Current Annual Interest Rates by Tax Type: Corporation - 7.5%
Liability Type Descriptions: ACT - Actual Return Filed



TC-988 (10/00)      121226220107000572

B10 (Official Form 10) (12/12)

| UNITED STATES BANKRUPTCY COURT EASTERN _____ DISTRICT OF NEW YORK _____ | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br><br>NEW YORK SPOT, INC. | Case Number:<br><br>1-12-48530-CEC | |
|---|---|---|

**NOTE:** *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br><br>Department of the Treasury - Internal Revenue Service | **COURT USE ONLY** |
|---|---|
| Name and address where notices should be sent:<br><br>Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346<br><br>Telephone number: 1-800-973-0424          email:          Creditor Number: 7893425 | ☐ Check this box if this claim amends a previously filed claim.<br><br>**Court Claim Number:**_____<br>      *(If known)*<br><br>Filed on: _____ |
| Name and address where payment should be sent (if different from above):<br><br>Internal Revenue Service<br>2 Metrotech Center 6th floor<br>100 Myrtle Avenue<br>Brooklyn, NY 11201<br><br>Telephone Number: 718-834-3509          email: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |

**1. Amount of Claim as of Date Case Filed:**          $ 237,652.45 _____

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

■ Check this box if the claim includes interest or other charges in addition to the principal amount of claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** _____Taxes_____
   (See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:**<br><br>_____See Attachment__ | **3a. Debtor may have scheduled account as:**<br><br>_____<br>(See instruction #3a) | **3b. Uniform Claim Identifier (optional):**<br><br>_____<br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Amount of arrearage and other charges. as of the time case filed, included in secured claim, if any:**

                                        $_____

**Nature of property or right of setoff:**   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
**Describe:**

**Basis for perfection:** _____

**Value of Property:**$_____

**Amount of Secured Claim: $**_____

**Annual Interest Rate ___%**   ☐ fixed   or   ☐ variable
**(when case was filed)**

**Amount Unsecured:**          $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier - 11U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan -11 U.S.C. §507 (a)(5).

**Amount entitled to priority:**
$ 98,538.54 _____

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).

■ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attach are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. (*See instruction #7, and the definition of "redacted".*)

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:**  (See instruction #8)

Check the appropriate box.

■ I am the creditor.          ☐ I am the creditor's authorized agent.          ☐ I am the trustee, or the debtor,          ☐ I am a guarantor, surety, indorsor, or other codebtor.
                                                                                 or their authorized agent.                              (See Bankruptcy Rule 3005.)
                                                                                 (See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print name:  ENRIQUE GONZALEZ
Title:         Bankruptcy Specialist
Company:   Internal Revenue Service                          /s/ ENRIQUE GONZALEZ                        01/22/2013
                                                             (Signature)                                 (Date)

Address and telephone number (if different from notice address above):

Internal Revenue Service
2 Metrotech Center 6th floor
100 Myrtle Avenue
Brooklyn, NY  11201

Telephone number:  718-834-3509                    Email:

*Penalty for presenting fraudulent claim:*  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

# Proof of Claim for
# Internal Revenue Taxes

Department of the Treasury/Internal Revenue Service

**In the Matter of:** NEW YORK SPOT, INC.
3317 AVENUE N
BROOKLYN, NY 11234



Form **10**
Attachment

Case Number
1-12-48530-CEC

Type of Bankruptcy Case
CHAPTER 11

Date of Petition
12/18/2012

The United States has not identified a right of setoff or counterclaim.  However, this determination is based on available data and is not intended to waive any right to setoff against this claim debts owed to this debtor by this or any other federal agency.  All rights of setoff are preserved and will be asserted to the extent lawful.

## Unsecured Priority Claims  under section 507(a)(8) of the Bankruptcy Code

| Taxpayer ID Number | Kind of Tax | Tax Period | | Date Tax Assessed | Tax Due | Interest to Petition Date |
|---|---|---|---|---|---|---|
| XX-XXX4706 | CORP-INC | 12/31/2009 | 1 | PER Records/Debtor | $30,287.90 | $4,320.47 |
| XX-XXX4706 | CORP-INC | 12/31/2010 | 1 | PER Records/Debtor | $30,287.90 | $2,450.19 |
| XX-XXX4706 | CORP-INC | 12/31/2011 | 1 | PER Records/Debtor | $30,287.90 | $904.18 |
| | | | | | $90,863.70 | $7,674.84 |

### Total Amount of Unsecured Priority Claims:  $98,538.54

## Unsecured General Claims

| Taxpayer ID Number | Kind of Tax | Tax Period | | Date Tax Assessed | Tax Due | Interest to Petition Date |
|---|---|---|---|---|---|---|
| XX-XXX4706 | CORP-INC | 12/31/2007 | 1 | PER Records/Debtor | $30,287.90 | $9,607.80 |
| XX-XXX4706 | CORP-INC | 12/31/2008 | 1 | PER Records/Debtor | $30,287.90 | $6,537.20 |
| | | | | | $60,575.80 | $16,145.00 |

Penalty to date of petition on unsecured priority claims (including interest thereon) . . . . . . $32,710.95
Penalty to date of petition on unsecured general claims (including interest thereon) . . . . . . $29,682.16

### Total Amount of Unsecured General Claims:  $139,113.91

1 UNASSESSED TAX LIABILITY INFORMATION PER RECORDS/DEBTOR

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT EASTERN _____ DISTRICT OF NEW YORK _____ | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br><br>NEW YORK SPOT, INC. | Case Number:<br><br>1-12-48530-CEC | |
|---|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br><br>Department of the Treasury - Internal Revenue Service | **COURT USE ONLY** |
|---|---|
| Name and address where notices should be sent:<br><br>Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346<br><br>Telephone number: 1-800-973-0424     email:     Creditor Number: 7893425 | ■ Check this box if this claim amends a previously filed claim.<br><br>**Court Claim Number:_____** 2<br>*(If known)*<br><br>Filed on: ____01/22/2013_____ |
| Name and address where payment should be sent (if different from above):<br><br>Internal Revenue Service<br>2 Metrotech Center 6th floor<br>100 Myrtle Avenue<br>Brooklyn, NY 11201<br><br>Telephone Number: 718-834-3509     email: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |

**1. Amount of Claim as of Date Case Filed:**          $ 40,278.46 _____

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

■ Check this box if the claim includes interest or other charges in addition to the principal amount of claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** _____Taxes_____
   (See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:**<br><br>_____See Attachment__ | **3a. Debtor may have scheduled account as:**<br><br>_____<br>(See instruction #3a) | **3b. Uniform Claim Identifier (optional):**<br><br>_____<br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Amount of arrearage and other charges. as of the time case filed, included in secured claim, if any:**

$_____

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
**Describe:**

**Basis for perfection:** _____

**Value of Property:**$_____

**Amount of Secured Claim: $**_____

**Annual Interest Rate ___%**   ☐ fixed   or   ☐ variable
**(when case was filed)**

**Amount Unsecured:**      **$**_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).  If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier - 11U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan -11 U.S.C. §507 (a)(5).

Amount entitled to priority:
$ 31,192.08 _____

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).

■ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.  (See instruction #6)

**7. Documents:** Attach are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. (*See instruction #7, and the definition of "redacted".*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

■ I am the creditor.         ☐ I am the creditor's authorized agent.        ☐ I am the trustee, or the debtor,        ☐ I am a guarantor, surety, indorsor, or other codebtor.
                                                                          or their authorized agent.                (See Bankruptcy Rule 3005.)
                                                                          (See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print name:  ENRIQUE GONZALEZ
Title:          Bankruptcy Specialist
Company:   Internal Revenue Service                          /s/ ENRIQUE GONZALEZ                           04/17/2013
                                                             (Signature)                                            (Date)

Address and telephone number (if different from notice address above):

Internal Revenue Service
2 Metrotech Center 6th floor
100 Myrtle Avenue
Brooklyn, NY  11201

Telephone number:  718-834-3509                    Email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# Proof of Claim for Internal Revenue Taxes

Department of the Treasury/Internal Revenue Service

**In the Matter of:** NEW YORK SPOT, INC.
3317 AVENUE N
BROOKLYN, NY 11234

**Form 10**
Attachment

| | |
|---|---|
| **Case Number** | 1-12-48530-CEC |
| **Type of Bankruptcy Case** | CHAPTER 11 |
| **Date of Petition** | 12/18/2012 |

Amendment No. 1 to Proof of Claim dated 01/22/2013.

The United States has not identified a right of setoff or counterclaim. However, this determination is based on available data and is not intended to waive any right to setoff against this claim debts owed to this debtor by this or any other federal agency. All rights of setoff are preserved and will be asserted to the extent lawful.

**Unsecured Priority Claims** under section 507(a)(8) of the Bankruptcy Code

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date |
|---|---|---|---|---|---|
| XX-XXX4706 | CORP-INC | 12/31/2011 | *1* NOT FILED | $30,287.90 | $904.18 |

**Total Amount of Unsecured Priority Claims:** $31,192.08

**Unsecured General Claims**

Penalty to date of petition on unsecured priority claims (including interest thereon) . . . . . . $9,086.38

**Total Amount of Unsecured General Claims:** $9,086.38

1 THE ABOVE LIABILITY HAS BEEN LISTED AS A POTENTIAL LIABILITY FOR THE DEBTOR BECAUSE THE RETURN HAS NOT BEEN FILED. AS SOON AS THE DEBTOR FILES THE RETURN WITH THE IRS AS RE-QUIRED BY LAW THIS CLAIM WILL BE ADJUSTED TO REFLECT THE ASSESSED LIABILITY.

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------

**In Re:**

NEW YORK SPOT, INC.

**Chapter 11**

**Case No. 1-12-48530-CEC**

**Debtor(s).**

------------------------------------------------------------------------ x

**PROOF OF CLAIM**

1. Debtor, NEW YORK SPOT, INC. was at and before the filing by or against this debtor of the original petition in bankruptcy, and still is, justly and truly indebted or liable to the City of New York Department of Finance in the sum of **$1,692.27** dollars plus interest and penalties through the filing of the petition herein (at the rate set forth in the Administrative Code of the City of New York for such taxes) for the taxes on the schedule attached hereto and made a part hereof. (B&A Claim No.12-E-0147)

2. That the consideration of this debt or liability is the NYC Administrative Code statutory tax liability set forth in the schedule attached hereto and made a part hereof.

3. That no part of the debt or liability has been paid,

4. That there are no set-offs or counterclaims to the debt or liability,

5. That the City of New York does not hold, and has not, nor has any person by its order, or to the knowledge or belief of the undersigned, for its use, had or received, any security or securities for the debt or liability,

6. That no note or other negotiable instrument has been received for such account or liability or any part hereof; and that no judgment has been rendered thereon, except that a warrant or warrants for taxes were filed against the debtor as indicated on the attached schedule.

7. That demand is hereby made that the aforesaid claim be allowed and paid in full as a priority claim in advance of any distribution to creditors; and furthermore, that the said claim be entitled to the rights of a lien claimant, if applicable, pursuant to the provisions of the Administrative Code of the City of New York and the Bankruptcy Code.

8. That the said City of New York, by its duly constituted authorities has by this claim, to the extent not previously made by any assessment or notice of deficiency, duly made the assessment and to the extent not previously issued this claim shall constitute any required notice of deficiency, pursuant to the provisions of the Administrative Code of the City of NY enacted for the collection of taxes set forth herein.

9.  That in accordance with subdivision b of section 546 of the Bankruptcy Code, the City of New York Department of Finance hereby perfects the lien of the taxes set forth on the attached schedule.

The undersigned, Alan Emdin, of counsel to the Special Assistant Corporation Counsel for Legal Affairs for the NYC Department of Finance, files this Proof of Claim for the unpaid taxes set forth on the schedule attached on behalf of the City of New York Department of Finance ("DOF").

10. Please make check **payable** to NYC Department of Finance and **mail** to:

NYC Department of Finance

TP&P Division/Office of Tax Audits

345 Adams Street, 5th Floor

Brooklyn, New York 11201

**<u>ATTENTION</u>: Yehuda Miller - Bankruptcy Unit**

Penalty For Presenting Fraudulent Claims – Fine of not more than $5,000 or imprisonment or no more than five years, or both – Title 18, U.S.C., § 152.

Dated: February 4, 2013
Brooklyn, New York

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
271 Cadman Plaza East, Suite 1595
BROOKLYN , NY 11201-1800

By:_____

Alan Emdin, Of Counsel to the
Special Assistant Corporation Counsel
345 Adams Street – 3rd Floor
Brooklyn, New York 11201

In the Matter of : NEW YORK SPOT, INC.

Case No.: 1-12-48530-CEC
B & A Claim No.:12-E-0147

**Schedule of Taxes Due** by debtor in possession based on ☐ returns filed, ☐ external indices, ☐ audit, ☒ estimated taxes.  The City of New York, by its duly constituted authorities has by this claim, to the extent not previously made by any assessment or notice of deficiency, duly made the assessment and to the extent not previously issued this claim shall constitute any required notice of deficiency, pursuant to the provisions of the Administrative Code of the City of NY enacted for the collection of taxes set forth herein.

| TYPE OF TAX | PERIOD | TAX DEFICIENCY | | | |
| | | Pursuant to Title 11 of the Administrative Code of the City of New York | | | |
| | | PRINCIPAL | INTEREST | PENALTY | TOTAL |
| General Corporation | 1/1/07 – 12/18/12 | $1,253.54 | $125.35 | $313.38 | $1,692.27 |
| | - | | | | $0.00 |
| | - | | | | $0.00 |
| | - | | | | $0.00 |
| | - | | | | $0.00 |
| TOTAL DUE | | $1,253.54 | $125.35 | $313.38 | $1,692.27 |

| DETAIL OF WARRANT(S) ON FILE | | | | | |
| TYPE OF TAX / WARRANT | PERIOD | PRINCIPAL | INTEREST | PENALTY | TOTAL |
| GCT / | 1/1/07 – 12/18/12 | $1,253.54 | $125.35 | $313.38 | $1,692.27 |
| / | - | | | | $0.00 |
| / | - | | | | $0.00 |
| / | - | | | | $0.00 |
| / | - | | | | $0.00 |
| WARRANT TOTAL DUE | | $1,253.54 | $125.35 | $313.38 | $1,692.27 |

# Request for Payment of Internal Revenue Taxes

## (Bankruptcy Code Cases - Administrative Expenses)

### Department of the Treasury/Internal Revenue Service

United States Bankruptcy Court for the    EASTERN

District of   NEW YORK



**In the Matter of:**   NEW YORK SPOT, INC.
3317 AVENUE N
BROOKLYN, NY 11234

Fiduciary:

| Case Number |
| --- |
| 1-12-48530-CEC |

| Type of Bankruptcy Case |
| --- |
| CHAPTER 11 |

| Date of Petition |
| --- |
| 12/18/2012 |

| Creditor Number |
| --- |
| 7893425 |

1. The undersigned, whose business address is   2 Metrotech Center 6th floor   100 Myrtle Avenue   Brooklyn, NY 11201   , is the agent of the Department of the Treasury, Internal Revenue Service, and is authorized to make this request for payment on behalf of the United States.

2. Request is made for payment of taxes and any interest or penalty due under the internal revenue laws of the United States, as shown below.

3. The ground of liability is taxes due under the internal revenue laws of the United States.

Administrative Claims

| Taxpayer ID Number | Kind of Tax | Tax Period | Tax Due | Interest Due | Penalty Due | Balance Due |
| --- | --- | --- | --- | --- | --- | --- |
| XX-XXX4706 | *1* CORP-INC | 12/31/2012 | $30,287.90 | $124.57 | $3,331.67 | $33,744.14 |
| | | | $30,287.90 | $124.57 | $3,331.67 | $33,744.14 |

**Total Amount Due:**    **$33,744.14**

*1* THE ABOVE LIABILITY HAS BEEN LISTED AS A POTENTIAL LIABILITY FOR THE DEBTOR BECAUSE THERETURN HAS NOT BEEN FILED. AS SOON AS THE DEBTOR FILES THE RETURN WITH THE IRS AS REQUIRED BY LAW THIS CLAIM WILL BE ADJUSTED TO REFLECT THE ASSESSED LIABILITY.

The amount due includes interest and penalty computed to 04/30/2013. Compound interest will accrue at the rate established under IRC Section 6621(a) and late payment penalty will be charged under IRC Section 6651. If the claim is paid after 04/30/2013, contact ENRIQUE GONZALEZ at 718-834-3509 for the current balance.

| Penalty for Presenting Fraudulent Claim - Fine of not more than $5,000 or imprisonment for not more than 5 years or both - Title 18, U.S.C., Section 152. | Signature   /s/ ENRIQUE GONZALEZ | Date    **04/17/2013** |
| --- | --- | --- |
| | Title    Bankruptcy Specialist | Telephone Number   **718-834-3509** |

Form    **6338 - A(C )**

B 10 (Official Form 10) (10/05)

| UNITED STATES BANKRUPTCY COURT *Eastern* DISTRICT OF *New York* | PROOF OF CLAIM |
|---|---|

| Name of Debtor *New York Spol, Inc.* | Case Number *12-48530-CEC* |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

*U.S. BANKRUPTCY*
*EASTERN DISTRICT*
*NEW YORK*
*2013 APR 25 P 4: 14*
*RECEIVED/MP*

THIS SPACE IS FOR COURT USE ONLY

| Name of Creditor (The person or other entity to whom the debtor owes money or property): *NYC Environmental Control Board* | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
|---|---|
| Name and address where notices should be sent: *James Macron NYC ECB c/o OATH 66 John Street, 10th Fl, NY NY 10038* | ☐ Check box if you have never received any notices from the bankruptcy court in this case. |
| Telephone number: *(212) 361-1515* | ☐ Check box if the address differs from the address on the envelope sent to you by the court. |

| Last four digits of account or other number by which creditor identifies debtor: | Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated:_____ |
|---|---|

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☑ Other *ECB violation*

- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of your SS #:_____
  Unpaid compensation for services performed
  From _____ to _____
  (date)      (date)

**2. Date debt was incurred:** *3-2-09*

**3. If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time the case was filed. See reverse side for important explanations.

**Unsecured Nonpriority Claim** $_____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim**
☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority $_____

Specify the priority of the claim:
- ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim**
☑ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
- ☐ Real Estate     ☐ Other _____
- ☐ Motor Vehicle

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
- ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**5. Total Amount of Claim at Time Case Filed:**
$_____ (unsecured)   #1,137.50* (secured)   _____ (priority)   #1,137.50* (total)
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

THIS SPACE IS FOR COURT USE ONLY

**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date *4-22-13* | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): *NYC Environmental Control Board By: James Macron* |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

\* *interest accrues at a statutory rate*

*James Macron*
*New York City Office of Administrative Trials and Hearings/*
*Environmental Control Board*

Special Report for:

File: NY_Spot.xls

**NYC Environmental Control Board**
**Selected Violations for**
*New York Spot, Inc.*

| Violation# | Respondent | Rhse | Rstreet | Rcity | Issued | Balance | Phse | Place of Occurance | Paid | Imposed | Status1 | Disposition | Months | Interest | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 000506095H | NEW YORK SPOT, INC | 3317 | AVENUE N | BROOKLYN | 12/15/2008 | 1,137.50 | 442 | WEST 22 STREET | 0.00 | 875.00 | DEFAULTED | DEFAULTED | 0 | 0.00 | 1,137.50 |
| | | | | | | | | | | | | | total | 0.00 | 1,137.50 |

# Exhibit D

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT _____ District of _____ | | **PROOF OF CLAIM** |
|---|---|---|

| Name of Debtor: | Case Number: | |
|---|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

**COURT USE ONLY**

Name and address where notices should be sent:

❏ Check this box if this claim amends a previously filed claim.

**Court Claim Number:_____**
   (*If known*)

Filed on:_____

Telephone number:                    email:

Name and address where payment should be sent (if different from above):

❏ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Telephone number:                    email:

**1. Amount of Claim as of Date Case Filed:**       $_____ plus accrued interest

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

❏ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** _____
   (See instruction #2)

**3.  Last four digits of any number by which creditor identifies debtor:**

__ __ __ __

**3a.  Debtor may have scheduled account as:**
_____
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):**
__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __
(See instruction #3b)

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ❏Real Estate  ❏Motor Vehicle  ❏Other
**Describe:**

**Value of Property: $_____**

**Annual Interest Rate_____% ❏Fixed  or  ❏Variable**
**(when case was filed)**

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$_____

**Basis for perfection:** _____

**Amount of Secured Claim:**   $_____

**Amount Unsecured:**          $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).  If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

❏ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

❏ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

❏ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

❏ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

❏ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

❏ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:**

$_____

*\*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.**  The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B10 (Official Form 10) (04/13) 2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain: Promissory Note, dated September 3, 2008

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor. ☑ I am the creditor's authorized agent. ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.) ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Elan E. Weinreb, Esq.
Title: Counsel
Company: Katlowitz & Associates
Address and telephone number (if different from notice address above):
270 Madison Avenue - Suite 1203
New York, NY 10016

(Signature)            05/01/2013
                       (Date)

Telephone number: (212) 271-7600    email: eweinreb@katlowitzlaw.com

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

3

_____DEFINITIONS_____                                                           _____INFORMATION_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq*.), and any applicable orders of the bankruptcy court.

<u>Promissory Note</u>

## UNION STREET BRICKS, INC.
## NEW YORK SPOT INC.
## NEW YORK DOUBLE, INC.

- to -

## CHARLES NEISS

**Katlowitz and Associates**
**270 Madison Avenue, Suite 1203**
New York, New York  10016

## PROMISSORY NOTE

**$1,300,000.00**                 September 3, 2008              New York, New York

**FOR VALUE RECEIVED, UNION STREET BRICKS, INC.,** a New York corporation, with offices located at 3317 Avenue N, Brooklyn, New York 11234, (hereinafter "Union"), **NEW YORK SPOT INC.,** a New York corporation, with offices located at 3317 Avenue N, Brooklyn, New York 11234, (hereinafter "Spot"), **NEW YORK DOUBLE, INC.,** a New York corporation, with offices located at 3317 Avenue N, Brooklyn, New York 11234, (hereinafter "Double") (with Union, Spot and Double hereinafter jointly referred to as the "Maker") promises to pay to **CHARLES NEISS,** residing at 702 Avenue P, Brooklyn, New York (the "Holder"), or such other place as may be designated in writing by the holder of this Note, the principal sum of **One Million Three Hundred Thousand and 00/100 ($1,300,000.00) Dollars (the "Loan"),** payable with interest to be applied at the rate of **eight (8%) percent** per annum (the "Interest Rate"), commencing from the date hereof. Interest shall be paid on a monthly basis on the first day of each and every month. The Loan shall be due and payable two (2) days after demand therefore is made in writing, when the Principal Sum shall become due and payable together with interest accrued thereon. Notwithstanding the above, it is understood that the maturity date of this Note shall not extend beyond the maturity date of the first Mortgage on the property owned by the Maker in favor of the first Mortgagee. Interest shall be calculated on the basis of a 360 day year and collected based upon the actual number of days elapsed.

1.       The indebtedness evidenced by this Note (the "Debt") may be prepaid, in whole or in part, upon giving five (5) days prior written notice to the Holder of its intention to do so (a "Prepayment Notice"), with interest computed to the day of payment on the amount paid. In no event may a prepayment of principal be made in amounts less than One Hundred Thousand Dollars ($100,000.00).

2.       Upon the occurrence of any default hereunder or upon maturity of the Debt and upon the Holder exercising its option to declare the Debt immediately due and payable by reason thereof or upon maturity of the Debt, the Maker will pay, from the date of that event, interest at the rate of 24% per annum (the "Default Rate").

3.       In the event this Note is placed in the hands of an attorney for enforcement, the Maker will reimburse the Holder for all expenses incurred, including, without limitation, reasonable attorneys' fees.

4.       The Maker hereby represents and warrants to the Holder that the Property and the use thereof are in full compliance with all federal, state and local laws, ordinances, rules and regulations regarding hazardous and toxic materials, and the Maker hereby indemnifies and holds the Holder free of and harmless from and against any and all claims, demands, damages or liabilities the Holder may incur with regard thereto.

5.       The principal sum evidenced by this Note, and all other sums due and payable hereunder shall become due at the option of the Holder hereof upon the happening of any default

1

hereunder or default under the terms of the Pledge Agreement securing this Note. Upon the occurrence of a default all sums secured hereunder shall become immediately due and payable.

6.      It is hereby expressly agreed that all of the covenants, conditions and agreements contained in the Pledge and Security Agreement executed simultaneously herewith are hereby made part of this instrument.

7.      Presentment for payment, notice of dishonor, protest and notice of protest are hereby waived.

8.      This Note is secured by a Confession of Judgment made by the Maker to the Holder dated of even date herewith.

9.      This Note may not be changed or terminated orally.


UNION STREET BRICKS, INC.

BY: _____
       YEHUDA NELKENBAUM, President


NEW YORK SPOT INC.

BY: _____
       YEHUDA NELKENBAUM, President


NEW YORK DOUBLE, INC.

BY: _____
       YEHUDA NELKENBAUM, President

STATE OF NEW YORK      )
                       )ss.:
COUNTY OF KINGS        )

On the 3rd day of February, 2008, before me, the undersigned, personally appeared Yehuda Nelkenbaum, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

_____
Notary Public

MOSHE Y. KATLOWITZ
NOTARY PUBLIC, State of New York
No. 02KA4865347
Qualified in Kings County
Commission Expires June 16, 19___

<u>Promissory Note</u>

---

### UNION STREET BRICKS, INC.
### NEW YORK SPOT INC.
### NEW YORK DOUBLE, INC.

- to -

### CHARLES NEISS

---

**Katlowitz and Associates**
**270 Madison Avenue, Suite 1203**
New York, New York  10016

# PROMISSORY NOTE

**$1,300,000.00**              September 3, 2008          New York, New York

**FOR VALUE RECEIVED, UNION STREET BRICKS, INC.**, a New York corporation, with offices located at 3317 Avenue N, Brooklyn, New York 11234, (hereinafter "Union"), **NEW YORK SPOT INC.**, a New York corporation, with offices located at 3317 Avenue N, Brooklyn, New York 11234, (hereinafter "Spot"), **NEW YORK DOUBLE, INC.**, a New York corporation, with offices located at 3317 Avenue N, Brooklyn, New York 11234, (hereinafter "Double") (with Union, Spot and Double hereinafter jointly referred to as the "Maker") promises to pay to **CHARLES NEISS**, residing at 702 Avenue P, Brooklyn, New York (the "Holder"), or such other place as may be designated in writing by the holder of this Note, the principal sum of **One Million Three Hundred Thousand and 00/100 ($1,300,000.00) Dollars (the "Loan"),** payable with interest to be applied at the rate of **eight (8%) percent** per annum (the "Interest Rate"), commencing from the date hereof. Interest shall be paid on a monthly basis on the first day of each and every month. The Loan shall be due and payable two (2) days after demand therefore is made in writing, when the Principal Sum shall become due and payable together with interest accrued thereon. Notwithstanding the above, it is understood that the maturity date of this Note shall not extend beyond the maturity date of the first Mortgage on the property owned by the Maker in favor of the first Mortgagee. Interest shall be calculated on the basis of a 360 day year and collected based upon the actual number of days elapsed.

1.      The indebtedness evidenced by this Note (the "Debt") may be prepaid, in whole or in part, upon giving five (5) days prior written notice to the Holder of its intention to do so (a "Prepayment Notice"), with interest computed to the day of payment on the amount paid. In no event may a prepayment of principal be made in amounts less than One Hundred Thousand Dollars ($100,000.00).

2.      Upon the occurrence of any default hereunder or upon maturity of the Debt and upon the Holder exercising its option to declare the Debt immediately due and payable by reason thereof or upon maturity of the Debt, the Maker will pay, from the date of that event, interest at the rate of 24% per annum (the "Default Rate").

3.      In the event this Note is placed in the hands of an attorney for enforcement, the Maker will reimburse the Holder for all expenses incurred, including, without limitation, reasonable attorneys' fees.

4.      The Maker hereby represents and warrants to the Holder that the Property and the use thereof are in full compliance with all federal, state and local laws, ordinances, rules and regulations regarding hazardous and toxic materials, and the Maker hereby indemnifies and holds the Holder free of and harmless from and against any and all claims, demands, damages or liabilities the Holder may incur with regard thereto.

5.      The principal sum evidenced by this Note, and all other sums due and payable hereunder shall become due at the option of the Holder hereof upon the happening of any default

1

hereunder or default under the terms of the Pledge Agreement securing this Note.  Upon the occurrence of a default all sums secured hereunder shall become immediately due and payable.

6.      It is hereby expressly agreed that all of the covenants, conditions and agreements contained in the Pledge and Security Agreement executed simultaneously herewith are hereby made part of this instrument.

7.      Presentment for payment, notice of dishonor, protest and notice of protest are hereby waived.

8.      This Note is secured by a Confession of Judgment made by the Maker to the Holder dated of even date herewith.

9.      This Note may not be changed or terminated orally.


UNION STREET BRICKS, INC.

BY: _____
     YEHUDA NELKENBAUM, President


NEW YORK SPOT INC.

BY: _____
     YEHUDA NELKENBAUM, President


NEW YORK DOUBLE, INC.

BY: _____
     YEHUDA NELKENBAUM, President

STATE OF NEW YORK    )
                           )ss.:

COUNTY OF KINGS    )

On the 3rd day of February, 2008, before me, the undersigned, personally appeared Yehuda Nelkenbaum, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

_____
Notary Public


MOSHE Y. KATLOWITZ
NOTARY PUBLIC, State of New York
No. 02KA4865347
Qualified in Kings County
Commission Expires June 16, 19____

B 10 (Official Form 10) (12/12)

| UNITED STATES BANKRUPTCY COURT  EASTERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor: NEW YORK SPOT INC. | Case Number: 12-48530 | |
|---|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
FAYSARGOL ESSHKAL LLC

**COURT USE ONLY**

Name and address where notices should be sent:
FAYSARGOL ESSHKAL LLC
1214 BAYRIDGE AVENUE
BROOKLYN, NY 11219

Telephone number          email   MDLCEOAT@AOL.COM

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:** _____
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:          email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**          $          635,000.00 + Accrued Interest

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:**   MORTGAGE
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: | 3a. Debtor may have scheduled account as: | 3b. Uniform Claim Identifier (optional): |
|---|---|---|
| | (See instruction #3a) | (See instruction #3b) |

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☑Real Estate ☐Motor Vehicle ☐Other
Describe:

Value of Property: $_____

**Annual Interest Rate** _____% ☐Fixed or ☐Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$_____

**Basis for perfection:** MORTGAGE

**Amount of Secured Claim:**   $_____

**Amount Unsecured:**   $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:**

$_____

*\*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B 10 (Official Form 10) (12/12)                                                                                                         2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

---

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.   ☑ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor,   ☐ I am a guarantor, surety, indorser, or other codebtor.
                                                                    or their authorized agent.                    (See Bankruptcy Rule 3005.)
                                                                    (See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:   AARON FEINBERG
Title:   ATTORNEY FOR CREDITOR
Company:                                                          *Aaron Feinbey*
Address and telephone number (if different from notice address above):     (Signature)                                (Date)
1777 EAST 10TH STREET
BROOKLYN NEW YORK 11223

Telephone number: (718) 339-7224      email: A.M.FEINBERG@ATT.NET

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the

claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents required to show perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

B 10 (Official Form 10) (12/12)

3

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

B 10 (Official Form 10) (12/12)                                                        3

---

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system
(www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

ORIGINAL

B 10 (Official Form 10) (12/12)

| UNITED STATES BANKRUPTCY COURT Eastern District of New York | | PROOF OF CLAIM |
|---|---|---|

CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

2013 FEB 15 A 9: 51

RECEIVED

| Name of Debtor:<br>New York Spot, Inc. | Case Number:<br>1-12-48530-CEC |
|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
442 West 22nd Street LLC

Name and address where notices should be sent:
c/o Frederick E. Park, Esq.
72 Madison Avenue, 6th Floor
New York, New York 10016

Telephone number: (646) 385-7597    email: frederick@newcastlenvc.com

**COURT USE ONLY**

❏ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above):
Same as above



Telephone number:    email:

❏ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. **Amount of Claim as of Date Case Filed:** $_____55,493.05_____

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

❏ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. **Basis for Claim:** __Attorneys' Fees* - See attached_____
(See instruction #2)

| 3. **Last four digits of any number by which creditor identifies debtor:**<br>3  1  5  2 | 3a. **Debtor may have scheduled account as:**<br>__$50,000-see Dbtr Sched F__<br>(See instruction #3a) | 3b. **Uniform Claim Identifier (optional):**<br><br>(See instruction #3b) |
|---|---|---|

4. **Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ❏ Real Estate  ❏ Motor Vehicle  ❏ Other
Describe:

**Value of Property:** $_____

**Annual Interest Rate_____% ❏ Fixed  or  ❏ Variable
(when case was filed)**

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$_____

**Basis for perfection:** _____

**Amount of Secured Claim:** $_____

**Amount Unsecured:** $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

❏ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

❏ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

❏ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

❏ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

❏ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

❏ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

6. **Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

* 442 West 22nd Street LLC is entitled to recover attorneys' fees from New York Spot, Inc. pursuant to a Decision/Order of the Supreme Court of the State of New York, County of Kings (Hon. Debra Silber, AJSC) in the action bearing the caption New York Spot, Inc. v. 442 West 22nd Street LLC, Index No. 6408/08.

B 10 (Official Form 10) (12/12) 2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☑ I am the creditor.   ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  Margaret Streicker-Porres
Title:  Member
Company:  442 West 22nd Street LLC
Address and telephone number (if different from notice address above):
72 Madison Avenue, 6th Floor
New York, New York 10016

(Signature)          (Date)

Telephone number: (646) 385-7597   email: streicker@newcastlenvc.com

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

_____DEFINITIONS_____                    _____INFORMATION_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

**EREZ GLAMBOSKY, ESQ.**
**General Counsel, Newcastle Realty Services LLC**
72 Madison Avenue, 6th Floor
New York, New York 10016
(T) 646-385-7597 (F) 646-472-7994


Margaret Streicker Porres
President, Newcastle Realty Services LLC
72 Madison Avenue, 6th Floor
New York, New York 10016

LEGAL SERVICES RENDERED THROUGH May 4, 2011

RE:     New York Spot Inc. v. 442 West 22nd Street LLC
        Kings Civil Supreme
        Index 006408/08

|  | | Hours | Amount |
|---|---|---|---|
| 2.16.09 EG | Review Plaintiff's Motion for Default Judgment; Conference with Margaret Streicker Porres regarding Plaintiff's Motion for Default Judgment and litigation generally; Review Closing Report from sale of 442 West 22nd Street, NY, NY dated March 2, 2009 by 442 West 2nd Street LLC to Hadot, Inc. | 4.0 | $1,500.00 |
| 2.17.09 EG | Telephone call with Plaintiff's counsel, Barry R. Feerst, Esq., regarding Plaintiff's Motion for default judgment and status of litigation. | .40 | $150.00 |
| 2.17.09 EG | Conduct legal research regarding legal standard for default judgment, service of pleadings. | .50 | $187.50 |
| 2.17.09 EG | Review pleadings from court file under New York Spot Inc. v. 442 West 22nd Street LLC Index 006408/08. | .70 | $262.50 |
| 2.22.09 EG | Conduct legal research, review closing report. | 1.20 | $450.00 |
| 2.26.09 EG | Draft e-mail to Plaintiff's counsel, Barry R. Feerst, Esq., regarding litigation and Plaintiff's Motion for default judgment. | .40 | $150.00 |

| 2.27.09 EG | Draft Notice of Appearance and Demand for Complaint; Draft letter and follow up e-mail to Plaintiff's counsel, Barry R. Feerst, Esq., Regarding Notice of Appearance and Demand for Complaint. | 1.20 | $450.00 |
|---|---|---|---|
| 3.3.09 EG | Review letter from Plaintiff's counsel. | .20 | $75.00 |
| 3.3.09 EG | Conference with Margaret Streicker Porres regarding nature of claims in litigation, strategy for defense. | 1.0 | $375.00 |
| 3.16.09 EG | Telephone call with Plaintiff's counsel. | .30 | $112.50 |
| 3.18.09 EG | Draft e-mail to Plaintiff's counsel, review responsive e-mail from Plaintiff's counsel. | .40 | $140.00 |
| 3.20.09 EG | Review Plaintiff's Second Motion for Default Judgment; Review Request for Judicial Intervention; Conference with Margaret Streicker Porres regarding Plaintiff's Second Motion for Default Judgment and Status of Litigation; Commence drafting opposition to Plaintiff's Second Motion for Default Judgment. | 4.50 | $1,687.50 |
| 4.1.09 EG | Court appearance, Kings Supreme Court. | 3.50 | $1,312.50 |
| 4.6.09 EG | Review and revise opposition to Plaintiff's Second Motion for Default Judgment. | 1.30 | $487.50 |
| 4.17.09 EG | Various telephone calls with Plaintiff's attorney; Finalize stipulation. | .30 | $112.50 |
| 4.21.09 EG | Review notice from Court regarding Status of litigation; Update file. | .10 | $37.50 |

Page 3 of 6
May 4, 2011

| | | | |
|---|---|---|---|
| 5.1.09 EG | Continue drafting opposition to Plaintiff's Second Motion for Default Judgment including preparation of Memorandum of Law, Affidavit in Opposition and Affirmation in Opposition; conduct legal research in connection with preparation of opposition. | 8.50 | $3,187.50 |
| 5.4.09 EG | Finalize opposition to Plaintiff's Second Motion For Default Judgment; Serve and file opposition papers. | 3.50 | $1,312.50 |
| 5.15.09 EG | Telephone call with Plaintiff's counsel regarding Plaintiff's Second Motion for Default Judgment; Review file in preparation for court appearance. | 1.0 | $375.00 |
| 5.18.09 EG | Court appearance Kings Supreme Court for Plaintiff's Second Motion for Default Judgment. | 4.0 | $1,500.00 |
| 5.18.09 EG | Review Judge's Order denying Plaintiff's Second Motion for Default Judgment; Conference with Margaret Streicker Porres regarding May 18, 2009 Order denying Plaintiff's Second Motion for Default Judgment; Draft and Serve Notice of Entry of May 18, 2009 Order. | 1.2 | $450.00 |
| 6.18.09EG | Review Plaintiff's Verified Complaint; Draft status e-mail to Margaret Streicker Porres. | 70 | $261.80 |
| 7.14.09 EG | Draft and finalize stipulation. | .40 | $150.00 |
| 7.15.09 EG | Court appearance Kings Supreme. | 2.70 | $1012.50 |
| 7.28.09 EG | Commence drafting Answer to Verified Complaint; Conduct legal research in Connection with preparation of answer; Review closing report in connection with Preparation of Answer. | 3.0 | $1,125.00 |
| 7.30.09 EG | Finalize Answer for service and filing; Draft and Finalize Deposition Notice and Request for Production of Documents | 3.0 | $1,125.00 |

Page 4 of 6
May 4, 2011

| | | | |
|---|---|---|---|
| 8.6.09 EG | Court appearance Kings Supreme. | 4.0 | $1,500.00 |
| 9.2.09 EG | Review consent to change attorney;<br>Conference with Margaret Streicker Porres<br>regarding status of litigation. | 1.0 | $375.00 |
| 9.10.09 EG | Court appearance Kings Supreme. | 3.0 | $1,250.00 |
| 9.17.09 EG | Review plaintiff's reply to counterclaim;<br>Draft letter to Plaintiff's counsel<br>Regarding reply to counterclaim | 1.0 | $375.00 |
| 12.7.09 OS | Draft correspondence to Plaintiff's counsel<br>Regarding discovery. | .20 | $55.00 |
| 12.7.09 EG | Review and finalize correspondence to Plaintiff's counsel<br>Regarding outstanding discovery. | .50 | $187.50 |
| 12.18.09 OS | Review case file and documents;<br>Draft motion to Dismiss Complaint and<br>For Summary Judgment;<br>Conduct legal research in connection<br>with preparation of motion. | 3.50 | $962.50 |
| 1.6.10 OS | Finalize Motion. | 1.5 | $412.50 |
| 1.7.10 EG | Draft, serve and file Notice of Change<br>of Address. | 1.0 | $375.00 |
| 1.7.10 EG | Conduct legal research in connection with<br>preparation of Defendant's motion to dismiss<br>And for summary judgment on counterclaim;<br>Review and revise various drafts of Defendant's<br>Motion;<br>Finalize Defendant's motion. | 8.0 | $3,000.00 |
| 1.11.10 OS | Submit Order to Show Cause for Signature | 1.50 | $412.50 |
| 1.19.10 OS | Court appearance Kings Supreme to<br>Retrieve signed Order to Show Cause. | .50 | $137.50 |
| 1.27.10 OS | Court appearance Kings Supreme. | 3.0 | $825.00 |
| 2.10.10 OS | Court appearance Kings Supreme. | 3.0 | $825.00 |

| | | | |
|---|---|---|---|
| 3.4.10 OS | Court appearance Kings Supreme. | 3.0 | $825.00 |
| 4.5.10 EG | Finalize letter to Plaintiff's Counsel regarding outstanding discovery. | .40 | $150.00 |
| 4.21.10 EG | Court appearance Kings Supreme; Draft status e-mail to Margaret Streicker Porres. | 4.20 | $1,575.00 |
| 5.10.10 EG | Review motion from Plaintiff's counsel to be relieved; Commence drafting opposition. | 1.0 | $350.00 |
| 5.12.10 EG | Court appearance Kings Supreme; Draft status e-mail to Margaret Streicker Porres. | 3.0 | $1,125.00 |
| 7.15.10 EG | Court appearance Kings Supreme; Draft status e-mail to Margaret Streicker Porres. | 3.0 | $1,125.00 |
| 8.9.10 EG | Review Plaintiff's opposition to Defendant's Motion to Dismiss and for Summary Judgment On Counterclaim; Commence Drafting reply Papers including legal research. | 5.0 | $1,875.00 |
| 8 30.10 EG | Continue drafting reply papers on Defendant's Motion to dismiss. | 2.0 | $750.00 |
| 9.1.10 OS | Draft reply papers. | 1.50 | $412.50 |
| 9.7.10 OS | Continue drafting reply papers. | .50 | $137.50 |
| 9.13.10 EG | Finalize reply papers on Defendant's Motion to Dismiss. | 2.0 | $750.00 |
| 9.13.10 YG | Collate, photocopy and finalize reply papers for service and filing. Update legal file. | 2.0 | $200.00 |
| 9.16.10 EG | Court Appearance Kings Supreme; Conference with Margaret Streicker Porres Regarding court appearance and argument of Defendant's Motion to Dismiss. | 5.50 | $2,062.50 |
| 12.10.10 EG | Conference with Margaret Streicker Porres Regarding decision on defendant's motion to dismiss as published in New York Law Journal; Discuss legal strategy for counterclaim. | 2.0 | $750.00 |

Page 6 of 6
May 4, 2011

| 12.16.10 EG | Review Justice Debra Silber's decision; Conference with Margaret Streicker Porres Regarding decision. | .50 | $187.50 |
|---|---|---|---|
| 1.14.11 EG | Finalize Notice of Entry of Justice Silber's decision. | .40 | $150.00 |
| 1.14.11 YG | Collate, photocopy and finalize Notice of Entry | 1.0 | $100.00 |
| 3.7.11 YG | Reconcile attorney time sheets in preparation for hearing on counterclaim | 3.0 | $300.00 |
| 3.7.11 EG | Prepare for Hearing on Counterclaim Conference with Margaret Streicker Regarding status of litigation and strategy For counterclaim hearing. | 5.0 | $1,875.00 |
| 3.10.11 EG | Court appearance Kings Supreme Court | 2.5 | $937.50 |
| 5.3.11 EG | Telephone call with Plaintiff's Counsel's Office regarding May 5, 2011 hearing | .20 | $75.00 |
| 5.4.11 EG | Review file in preparing for hearing | .50 | $187.50 |
| | **Total Fees Due** | 120.90 | $44,492.50 |
| | Disbursements | | Amount |
| | Photocopying, FedEx Fees | | $625.00 |
| | **TOTAL FEES & DISBURSEMENTS** | | **$45,117.50** |

Attorney and Paralegal Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Erez Glambosky, Esq. | 102.70 | $375.00/hr | $34,825.00 |
| Olga Someras, Esq. | 18.2 | $275.00/hr | $4,550.00 |
| Yliana Guzman, Paralegal | 5.0 | $100.00/hr | $500.00 |



**RIVKIN RADLER**
ATTORNEYS AT LAW

April 13, 2012

Bill Number 53699
File Number

WWW.RIVKINRADLER.COM

442 West 22nd Street, LLC
c/o Newcastle Realty Services, LLC
Attn: Ms. Margaret Streicker
72 Madison Avenue - 6th Floor
New York, NY 10016

The enclosed bill is for services rendered for the period ending March 31, 2012. The breakdown of this bill by matter is as follows:

Legal Services

| | |
|---|---|
| New York Spot Inc. V 442 West 22nd St, LLC | $1,267.50 |
| Total for Legal Services | $1,267.50 |

Expenses

| | |
|---|---|
| New York Spot Inc. V 442 West 22nd St, LLC | $2.60 |
| Total for Expenses | $2.60 |
| Total for This Bill | $1,270.10 |

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

555 Madison Avenue
New York, NY 10022-3338
T 212.455.9555  F 212.687.9044

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460  F 201.489.0495



WWW.RIVKINRADLER.COM

April 13, 2012

Tax ID
Invoice 53699


442 West 22nd Street, LLC
c/o Newcastle Realty Services, LLC
Attn: Ms. Margaret Streicker
72 Madison Avenue - 6th Floor
New York, NY 10016


## FOR PROFESSIONAL SERVICES

Through March 31, 2012
Re: New York Spot Inc. V 442 West 22nd St, LLC
    Our File No. 003152-00001


## LEGAL SERVICES

| Date | Description | Time | Rate | Value |
|------|-------------|------|------|-------|
| Erez Glambosky | | | | |
| 03/05/12 | Review file; Telephone call with client about motion for attorneys' fees; Draft consent to change attorney; Review Acris; Commence drafting motion for attorney's fees. | 3.00 Hrs | 325/hr | $975.00 |
| 03/09/12 | Revise order to show cause for attorneys' fees; Draft e-mail to client. | 0.50 Hrs | 325/hr | $162.50 |
| 03/12/12 | Revise order to show cause for attorneys' fees. | 0.10 Hrs | 325/hr | $32.50 |
| 03/15/12 | Various e-mails with client regarding motion for attorneys fees; Review e-mail from court. | 0.30 Hrs | 325/hr | $97.50 |
| | TOTAL LEGAL SERVICES | | | $1,267.50 |


## LEGAL SERVICES SUMMARY

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

555 Madison Avenue
New York, NY 10022-3338
T 212.455.9555  F 212.687.9044

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460  F 201.489.0495

Page 1


ATTORNEYS AT LAW                                    WWW.RIVKINRADLER.COM

442 West 22nd Street, LLC

Re: New York Spot Inc. V 442 West 22nd St, LLC
    Our File No. 003152-00001

**LEGAL SERVICES SUMMARY**

| | | | |
|---|---|---|---|
| Erez Glambosky (Partner) | 3.90 Hrs | 325/hr | $1,267.50 |
| | | | $1,267.50 |

**EXPENSES**

Copying
| | | |
|---|---|---|
| 03/05/12 | Copies 00000001 | 0.20 |
| 03/05/12 | Copies 00000002 | 0.40 |
| | | $0.60 |

Misc
| | | |
|---|---|---|
| 03/30/12 | 03/05/12 Velobinding 1 item(s) / Pitney Bowes | 2.00 |
| | | $2.00 |

| | |
|---|---|
| TOTAL EXPENSES | $2.60 |
| TOTAL THIS BILL | $1,270.10 |

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

555 Madison Avenue
New York, NY 10022-3338
T 212.455.9555  F 212.687.9044

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460  F 201.489.0495

Page 2



WWW.RIVKINRADLER.COM

May 21, 2012

Bill Number   56621
File Number   003152-00001

442 West 22nd Street, LLC
c/o Newcastle Realty Services, LLC
Attn:  Ms. Margaret Streicker
72 Madison Avenue - 6th Floor
New York, NY 10016

The enclosed bill is for services rendered for the period ending April 30, 2012.  The breakdown
of this bill by matter is as follows:

Legal Services

New York Spot Inc. V 442 West 22nd St, LLC                                        $650.00

                             Total for Legal Services          $650.00

Expenses

New York Spot Inc. V 442 West 22nd St, LLC                                        $140.65

                             Total for Expenses              $140.65

                             Total for This Bill           $790.65
                             Previous Balance          $1,270.10

                             Total Due                 $2,060.75

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

555 Madison Avenue
New York, NY 10022-3338
T 212.455.9555  F 212.687.9044

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460  F 201.489.0495



WWW.RIVKINRADLER.COM

May 21, 2012

Tax ID
Invoice  56621

442 West 22nd Street, LLC
c/o Newcastle Realty Services, LLC
Attn:  Ms. Margaret Streicker
72 Madison Avenue - 6th Floor
New York, NY 10016

## FOR PROFESSIONAL SERVICES

Through April 30, 2012
Re: New York Spot Inc. V 442 West 22nd St, LLC
     Our File No. 003152-00001

## LEGAL SERVICES

| Date | Description | Time | Rate | Value |
|------|-------------|------|------|-------|
| Erez Glambosky | | | | |
| 04/10/12 | Finalize order to show cause for attorneys fees. | 1.00 Hrs | 325/hr | $325.00 |
| 04/20/12 | Review order signed by Court; Finalize order to show cause for service; Draft letter to client. | 1.00 Hrs | 325/hr | $325.00 |
| | TOTAL LEGAL SERVICES | | | $650.00 |

## LEGAL SERVICES SUMMARY

| | | | |
|---|---|---|---|
| Erez Glambosky  (Partner) | 2.00 Hrs | 325/hr | $650.00 |

926 RXR Plaza
Uniondale, NY  11556-0926
T 516.357.3000  F 516.357.3333

555 Madison Avenue
New York, NY  10022-3338
T 212.455.9555  F 212.687.9044

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ  07601-7021
T 201.287.2460  F 201.489.0495

Page 1



**RIVKIN RADLER** LLP
ATTORNEYS AT LAW

WWW.RIVKINRADLER.COM

442 West 22nd Street, LLC

$650.00

## EXPENSES

### Copying

| | | |
|---|---|---:|
| 04/10/12 | Copies 00000374 | 74.80 |
| 04/10/12 | Copies 00000010 | 2.00 |
| 04/20/12 | Copies 00000008 | 1.60 |
| 04/20/12 | Copies 00000004 | 0.80 |
| 04/20/12 | Copies 00000001 | 0.20 |
| 04/20/12 | Copies 00000002 | 0.40 |

$79.80

### Facsimile

| | | |
|---|---|---:|
| 04/18/12 | Fax - Out Going 912 129 642707 | 3.75 |

$3.75

### Court Fees

| | | |
|---|---|---:|
| 04/11/12 | ORDER TO SHOW CAUSE FEE / KINGS COUNTY CLERK | 45.00 |
| 04/19/12 | 04/12/15 Copies from Supreme Court Kings County - J. Maguire / Petty Cash | 2.10 |
| 04/27/12 | 03/13/12 United Lawyers Service, Inc. | 10.00 |

$57.10

TOTAL EXPENSES     $140.65

TOTAL THIS BILL     $790.65

## PREVIOUS BILLS OUTSTANDING

| | | |
|---|---|---:|
| 53699 | 04/13/12 | 1,270.10 |

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

555 Madison Avenue
New York, NY 10022-3338
T 212.455.9555  F 212.687.9044

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460  F 201.489.0495



WWW.RIVKINRADLER.COM

442 West 22nd Street, LLC

|  | |
|---|---|
| TOTAL DUE | $2,060.75 |

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

555 Madison Avenue
New York, NY 10022-3338
T 212.455.9555  F 212.687.9044

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460  F 201.489.0495

Page 3



July 24, 2012

Bill Number  61481
File Number  003152-00001

WWW.RIVKINRADLER.COM

442 West 22nd Street, LLC
c/o Newcastle Realty Services, LLC
Attn:  Ms. Margaret Streicker
72 Madison Avenue - 6th Floor
New York, NY 10016

The enclosed bill is for services rendered for the period ending June 30, 2012.  The breakdown
of this bill by matter is as follows:

Legal Services

New York Spot Inc. V 442 West 22nd St, LLC                              $1,787.50

                        Total for Legal Services          $1,787.50

Expenses

New York Spot Inc. V 442 West 22nd St, LLC                                $8.70

                        Total for Expenses            $8.70

                                 Total for This Bill        $1,796.20
                                 Previous Balance          $2,060.75

                                 Total Due              $3,856.95

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

555 Madison Avenue
New York, NY 10022-3338
T 212.455.9555  F 212.687.9044

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460  F 201.489.0495



WWW.RIVKINRADLER.COM

July 24, 2012

Tax ID
Invoice 61481

442 West 22nd Street, LLC
c/o Newcastle Realty Services, LLC
Attn: Ms. Margaret Streicker
72 Madison Avenue - 6th Floor
New York, NY 10016

## FOR PROFESSIONAL SERVICES

Through June 30, 2012
Re: New York Spot Inc. V 442 West 22nd St, LLC
    Our File No. 003152-00001

## LEGAL SERVICES

| Date | Description | Time | Rate | Value |
|------|-------------|------|------|-------|
| Erez Glambosky | | | | |
| 06/13/12 | Prepare for hearing; Telephone conference with client; Review and respond to e-mail from plaintiff's counsel; Telephone conference with plaintiff's counsel. | 1.00 Hrs | 325/hr | $325.00 |
| 06/14/12 | Appeared in Supreme Court, Kings County for court appearance. | 4.50 Hrs | 325/hr | $1,462.50 |
| | TOTAL LEGAL SERVICES | | | $1,787.50 |

## LEGAL SERVICES SUMMARY

| | | | |
|--|--|--|--|
| Erez Glambosky  (Partner) | 5.50 Hrs | 325/hr | $1,787.50 |

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

555 Madison Avenue
New York, NY 10022-3338
T 212.455.9555  F 212.687.9044

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460  F 201.489.0495



WWW.RIVKINRADLER.COM

442 West 22nd Street, LLC

$1,787.50

**EXPENSES**

Copying

| | | |
|---|---|---|
| 06/11/12 | Copies 00000004 | 0.80 |
| 06/11/12 | Copies 00000003 | 0.60 |
| 06/22/12 | Copies 00000006 | 1.20 |
| 06/22/12 | Copies 00000008 | 1.60 |

$4.20

Local Travel

06/19/12   06/14/12   Train to Kings County Court - E.Glambosky          4.50

$4.50

TOTAL EXPENSES          $8.70

TOTAL THIS BILL          $1,796.20

**PREVIOUS BILLS OUTSTANDING**

| | | |
|---|---|---|
| 53699 | 04/13/12 | 1,270.10 |
| 56621 | 05/21/12 | 790.65 |

$2,060.75

TOTAL DUE          $3,856.95

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

555 Madison Avenue
New York, NY 10022-3338
T 212.455.9555  F 212.687.9044

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460  F 201.489.0495

Page 2



WWW.RIVKINRADLER.COM

ATTORNEYS AT LAW

August 8, 2012

Bill Number   62571
File Number  003152-00001

442 West 22nd Street, LLC
c/o Newcastle Realty Services, LLC
Attn:  Ms. Margaret Streicker
72 Madison Avenue - 6th Floor
New York, NY 10016

The enclosed bill is for services rendered for the period ending July 31, 2012.  The breakdown
of this bill by matter is as follows:

Legal Services

New York Spot Inc. V 442 West 22nd St, LLC                           $1,300.00

                          Total for Legal Services            $1,300.00

Expenses

New York Spot Inc. V 442 West 22nd St, LLC                           $0.50

                          Total for Expenses                  $0.50

                          Total for This Bill         $1,300.50
                          Previous Balance            $3,856.95

                          Total Due                   $5,157.45

926 RXR Plaza
Uniondale, NY  11556-0926
T 516.357.3000  F 516.357.3333

555 Madison Avenue
New York, NY  10022-3338
T 212.455.9555  F 212.687.9044

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ  07601-7021
T 201.287.2460  F 201.489.0495


**ATTORNEYS AT LAW**

WWW.RIVKINRADLER.COM

August 8, 2012

Tax ID
Invoice  62571

442 West 22nd Street, LLC
c/o Newcastle Realty Services, LLC
Attn:  Ms. Margaret Streicker
72 Madison Avenue - 6th Floor
New York, NY 10016

## FOR PROFESSIONAL SERVICES

Through July 31, 2012
Re: New York Spot Inc. V 442 West 22nd St, LLC
   Our File No. 003152-00001

### LEGAL SERVICES

| Date | Description | Time | Rate | Value |
|------|-------------|------|------|-------|
| Erez Glambosky | | | | |
| 07/12/12 | Appeared in Supreme Court, Kings County. | 4.00 Hrs | 325/hr | $1,300.00 |
| | TOTAL LEGAL SERVICES | | | $1,300.00 |

### LEGAL SERVICES SUMMARY

| | | | |
|---|---|---|---|
| Erez Glambosky  (Partner) | 4.00 Hrs | 325/hr | $1,300.00 |
| | | | $1,300.00 |

### EXPENSES

On-Line Research

926 RXR Plaza
Uniondale. NY  11556-0926
T 516.357.3000  F 516.357.3333

555 Madison Avenue
New York. NY  10022-3338
T 212.455.9555  F 212.687.9044

21 Main Street. Court Plaza South
West Wing. Suite 158
Hackensack. NJ  07601-7021
T 201.287.2460  F 201.489.0495



WWW.RIVKINRADLER.COM

442 West 22nd Street, LLC

Re: New York Spot Inc. V 442 West 22nd St, LLC
   Our File No. 003152-00001

**EXPENSES**

On-Line Research

| 07/25/12 | 04/01/12-06/30/12 Docket Retrieval - K.Greco / Pacer Service Center | | 0.50 |
|---|---|---|---|
| | | | $0.50 |
| | | TOTAL EXPENSES | $0.50 |
| | | TOTAL THIS BILL | $1,300.50 |

**PREVIOUS BILLS OUTSTANDING**

| 53699 | 04/13/12 | 1,270.10 |
|---|---|---|
| 56621 | 05/21/12 | 790.65 |
| 61481 | 07/24/12 | 1,796.20 |
| | | $3,856.95 |

| | TOTAL DUE | $5,157.45 |
|---|---|---|

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

555 Madison Avenue
New York, NY 10022-3338
T 212.455.9555  F 212.687.9044

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460  F 201.489.0495

Page 2



WWW.RIVKINRADLER.COM

September 17, 2012

Bill Number    65113
File Number    003152-00001

442 West 22nd Street, LLC
c/o Newcastle Realty Services, LLC
Attn:  Ms. Margaret Streicker
72 Madison Avenue - 6th Floor
New York, NY 10016

The enclosed bill is for services rendered for the period ending August 31, 2012.  The
breakdown of this bill by matter is as follows:

Legal Services

New York Spot Inc. V 442 West 22nd St, LLC                    $1,462.50
                                                              _____
                        Total for Legal Services              $1,462.50

Expenses

New York Spot Inc. V 442 West 22nd St, LLC                    $28.80
                                                              _____
                        Total for Expenses                    $28.80

                        Total for This Bill        $1,491.30
                        Previous Balance           $5,157.45

                        Total Due                  $6,648.75

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

555 Madison Avenue
New York, NY 10022-3338
T 212.455.9555  F 212.687.9044

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460  F 201.489.0495



**RIVKIN RADLER**
ATTORNEYS AT LAW

September 17, 2012

Tax ID
Invoice 65113

442 West 22nd Street, LLC
c/o Newcastle Realty Services, LLC
Attn: Ms. Margaret Streicker
72 Madison Avenue - 6th Floor
New York, NY 10016

## FOR PROFESSIONAL SERVICES

Through August 31, 2012
Re: New York Spot Inc. V 442 West 22nd St, LLC
    Our File No. 003152-00001

### LEGAL SERVICES

| Date | Description | Time | Rate | Value |
|------|-------------|------|------|-------|
| | **Erez Glambosky** | | | |
| 08/16/12 | Appeared in Supreme Court, Kings County for court appearance. | 4.00 Hrs | 325/hr | $1,300.00 |
| 08/22/12 | Draft Notice of Entry of Decision scheduling hearing on attorneys fees; Draft letter to client. | 0.50 Hrs | 325/hr | $162.50 |
| | TOTAL LEGAL SERVICES | | | $1,462.50 |

### LEGAL SERVICES SUMMARY

| | | | |
|---|---|---|---|
| Erez Glambosky (Partner) | 4.50 Hrs | 325/hr | $1,462.50 |

926 RXR Plaza
Uniondale. NY 11556-0926
T 516.357.3000 F 516.357.3333

555 Madison Avenue
New York, NY 10022-3338
T 212.455.9555 F 212.687.9044

21 Main Street. Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460 F 201.489.0495

Page 1



**RIVKIN RADLER**
ATTORNEYS AT LAW

WWW.RIVKINRADLER.COM

442 West 22nd Street, LLC

$1,462.50

**EXPENSES**

Copying

| | | | |
|---|---|---|---|
| | | 0.20 | |
| 08/16/12 | Copies 00000001 | 9.80 | |
| 08/22/12 | Copies 00000049 | 0.80 | |
| 08/22/12 | Copies 00000004 | | $10.80 |

Local Travel

| | | | |
|---|---|---|---|
| 08/27/12 | 08/17/12 Parking Supreme Court Kings County - J. Maguire / Petty Cash | 18.00 | |
| | | | $18.00 |

TOTAL EXPENSES $28.80

TOTAL THIS BILL $1,491.30

**PREVIOUS BILLS OUTSTANDING**

| | | |
|---|---|---|
| 53699 | 04/13/12 | 1,270.10 |
| 56621 | 05/21/12 | 790.65 |
| 61481 | 07/24/12 | 1,796.20 |
| 62571 | 08/08/12 | 1,300.50 |
| | | $5,157.45 |

TOTAL DUE $6,648.75

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

555 Madison Avenue
New York, NY 10022-3338
T 212.455.9555 F 212.687.9044

21 Main Street. Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460 F 201.489.0495

Page 2



RIVKIN RADLER ℠
ATTORNEYS AT LAW

November 26, 2012

Bill Number   70228
File Number   003152-00001

WWW.RIVKINRADLER.COM

442 West 22nd Street, LLC
c/o Newcastle Realty Services, LLC
Attn: Ms. Margaret Streicker
72 Madison Avenue - 6th Floor
New York, NY 10016

The enclosed bill is for services rendered for the period ending October 31, 2012. The
breakdown of this bill by matter is as follows:

Legal Services

New York Spot Inc. V 442 West 22nd St, LLC                          $2,112.50

                                Total for Legal Services           $2,112.50

Expenses

New York Spot Inc. V 442 West 22nd St, LLC                            $54.30

                                Total for Expenses                   $54.30

                                Total for This Bill        $2,166.80
                                Previous Balance           $6,648.75

                                Total Due                  $8,815.55

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

555 Madison Avenue
New York, NY 10022-3338
T 212.455.9555  F 212.687.9044

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460  F 201.489.0495



WWW.RIVKINRADLER.COM

November 26, 2012

Tax ID
Invoice  70228

442 West 22nd Street, LLC
c/o Newcastle Realty Services, LLC
Attn:  Ms. Margaret Streicker
72 Madison Avenue - 6th Floor
New York, NY 10016

## FOR PROFESSIONAL SERVICES

Through October 31, 2012
Re: New York Spot Inc. V 442 West 22nd St, LLC
    Our File No. 003152-00001

## LEGAL SERVICES

| Date | Description | Time | Rate | Value |
|------|-------------|------|------|-------|
| Erez Glambosky | | | | |
| 10/04/12 | Review file in preparation for court appearance; E-mail with client. | 1.50 Hrs | 325/hr | $487.50 |
| 10/05/12 | Traveled to Supreme Court, Kings County for appearance; Various e-mails with client. | 5.00 Hrs | 325/hr | $1,625.00 |
| | | TOTAL LEGAL SERVICES | | $2,112.50 |

## LEGAL SERVICES SUMMARY

| | | | |
|---|---|---|---|
| Erez Glambosky  (Partner) | 6.50 Hrs | 325/hr | $2,112.50 |

926 RXR Plaza
Uniondale, NY  11556-0926
T 516.357.3000  F 516.357.3333

555 Madison Avenue
New York, NY  10022-3338
T 212.455.9555  F 212.687.9044

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ  07601-7021
T 201.287.2460  F 201.489.0495



**RIVKIN RADLER**
ATTORNEYS AT LAW

WWW.RIVKINRADLER.COM

442 West 22nd Street, LLC

$2,112.50

**EXPENSES**

Local Travel

| | | | | |
|---|---|---|---|---|
| 10/19/12 | 10/05/12 | 60 miles to Kings County Court - E.Glambosky | 33.30 | |
| 10/19/12 | 10/05/12 | Parking at Kings County Court - E.Glambosky | 21.00 | |
| | | | | $54.30 |

TOTAL EXPENSES $54.30

TOTAL THIS BILL $2,166.80

**PREVIOUS BILLS OUTSTANDING**

| | | |
|---|---|---|
| 53699 | 04/13/12 | 1,270.10 |
| 56621 | 05/21/12 | 790.65 |
| 61481 | 07/24/12 | 1,796.20 |
| 62571 | 08/08/12 | 1,300.50 |
| 65113 | 09/17/12 | 1,491.30 |
| | | $6,648.75 |

TOTAL DUE $8,815.55

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

555 Madison Avenue
New York, NY 10022-3338
T 212.455.9555  F 212.687.9044

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460  F 201.489.0495



December 10, 2012

Bill Number 70787
File Number 003152-00001

WWW.RIVKINRADLER.COM

442 West 22nd Street, LLC
c/o Newcastle Realty Services, LLC
Attn: Ms. Margaret Streicker
72 Madison Avenue - 6th Floor
New York, NY 10016

The enclosed bill is for services rendered for the period ending November 30, 2012. The breakdown of this bill by matter is as follows:

Legal Services

New York Spot Inc. V 442 West 22nd St, LLC        $1,560.00
_____
Total for Legal Services        $1,560.00

Total for This Bill        $1,560.00
Previous Balance        $8,815.55

Total Due        $10,375.55

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

555 Madison Avenue
New York, NY 10022-3338
T 212.455.9555  F 212.687.9044

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460  F 201.489.0495


**RIVKIN RADLER**
ATTORNEYS AT LAW

www.rivkinradler.com

December 10, 2012

Tax ID
Invoice 70787

442 West 22nd Street, LLC
c/o Newcastle Realty Services, LLC
Attn: Ms. Margaret Streicker
72 Madison Avenue - 6th Floor
New York, NY 10016

## FOR PROFESSIONAL SERVICES

Through November 30, 2012
Re: New York Spot Inc. V 442 West 22nd St, LLC
    Our File No. 003152-00001

## LEGAL SERVICES

| Date | Description | Time | Rate | Value |
|------|-------------|------|------|-------|
| | John J. Vobis, Jr. | | | |
| 11/14/12 | Conferred with E. Glambosky re: status and prepared for mandatory court conference. | 0.30 Hrs | 325/hr | $97.50 |
| 11/15/12 | Appeared in Supreme Court, Kings County for mandatory conference. | 4.50 Hrs | 325/hr | $1,462.50 |
| | | TOTAL LEGAL SERVICES | | $1,560.00 |

## LEGAL SERVICES SUMMARY

| | | | |
|---|---|---|---|
| John J. Vobis, Jr. (Sr. Associate) | 4.80 Hrs | 325/hr | $1,560.00 |
| | | | $1,560.00 |

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

555 Madison Avenue
New York, NY 10022-3338
T 212.455.9555 F 212.687.9044

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460 F 201.489.0495

Page 1


**RIVKIN RADLER**
ATTORNEYS AT LAW

WWW.RIVKINRADLER.COM

442 West 22nd Street, LLC

|  |  |  | TOTAL THIS BILL | $1,560.00 |
|---|---|---|---|---|

**PREVIOUS BILLS OUTSTANDING**

| 53699 | 04/13/12 | 1,270.10 |
|---|---|---|
| 56621 | 05/21/12 | 790.65 |
| 61481 | 07/24/12 | 1,796.20 |
| 62571 | 08/08/12 | 1,300.50 |
| 65113 | 09/17/12 | 1,491.30 |
| 70228 | 11/26/12 | 2,166.80 |
|  |  | $8,815.55 |

|  |  |  | TOTAL DUE | $10,375.55 |
|---|---|---|---|---|

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

555 Madison Avenue
New York, NY 10022-3338
T 212.455.9555  F 212.687.9044

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460  F 201.489.0495

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------X        Index No: 6408/2008

NEW YORK SPOT, INC.,
                              Plaintiff,                              NOTICE OF ENTRY OF
                                                                     DECISION AND ORDER
              -against-

442 WEST 22nd STREET LLC,
                              Defendant.
------------------------------------------------------------X

    **PLEASE TAKE NOTICE,** the annexed constitutes a true and accurate copy of a decision

and order issued by the Hon. Debra Silber on December 1, 2010 and entered with the Clerk of the

Supreme Court of the State of New York, County of Kings on December 15, 2010.


Dated: New York, New York
         January 14, 2011


                                              EREZ GLAMBOSKY, ESQ.


                                              By: Olga Someras, Esq.
                                              72 Madison Avenue, 6th Floor
                                              New York, New York 10016
                                              (646) 385-7597


To:      Poltorak & Associates, P.C.
         Attorneys for the Plaintiff
         1650 Eastern Parkway
         Brooklyn, New York 11233

KINGS COUNTY CLERK
RECEIVED
2011 JAN 19  AM 10:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: PART 9
-------------------------------------------------------X

NEW YORK SPOT, INC.

                       Plaintiff,

       -against-

442 WEST 22ND STREET LLC,

                 Defendant.
-------------------------------------------------------X

**DECISION/ORDER**

Index No. 6408/08

Submitted 9/16/10

Mot. Seq. #2

HON. DEBRA SILBER, A.J.S.C.:

Recitation, as required by CPLR 2219(a), of the papers considered in the review of defendants' motion for summary judgment dismissing the complaint and other relief.

| Papers | Numbered |
|---|---|
| Notices of Motion, Affirmation, Exhibits Annexed............................ | 1-7 |
| Affirmation in Opposition and Exhibits Annexed.............................. | 8-13 |
| Reply.................................................................................................. | 14 |

Upon the foregoing cited papers, the decision/order on this motion is as follows:

    Defendant 442 West 22nd Street LLC moves for summary judgment dismissing plaintiff's action on the grounds that the complaint does not state a cause of action [CPLR § 3211(a)(7)], because the plaintiff has failed to comply with the Court's Preliminary Conference Order, Defendant's Notice of Deposition and Demand for Documents [CPLR § 3126], and because that defendant has a defense founded upon documentary evidence [CPLR § 3211(a)(1)]. Defendant also requests summary judgment on its counterclaim for attorney's fees. Plaintiff opposes the motion.

    For the reasons set forth herein, the defendants' motion is granted and the

complaint is dismissed.

Plaintiff New York Spot, Inc. is a domestic corporation with offices in the City of New York. Defendant 442 West 22nd Street LLC is a domestic limited liability company with offices in the City of New York. On or about September 25, 2006, the defendant and an entity entitled Hadot, Inc. executed a contract for the sale of real property at 442 West 22nd Street in New York County, a 4 - story building on a 25 foot by 98 foot lot with 23 Class B apartments.

A Class B multiple dwelling is defined in the New York City Administrative Code, at 27-2004 (a) (9) as "a multiple dwelling which is occupied, as a rule, transiently, as the more or less temporary abode of individuals or families who are lodged with or without meals. This class includes hotels, lodging houses, rooming houses, boarding houses, boarding schools, furnished rooming houses, lodgings, club houses, and college and school dormitories".

The Certificate of Occupancy for this building, issued in 1968, states that the cellar contains a boiler room and storage; the basement five furnished rooms and the first to third floor contain six furnished rooms on each floor, for a total of 23 rooms.

Under the contract, Hadot Inc. agreed to buy and defendant agreed to sell said property. On or about March 5, 2007, pursuant to an assignment of the contract from Hadot Inc. to plaintiff, defendant transferred the property to plaintiff by bargain and sale deed. A copy of the assignment is provided as Exhibit 2 to the Closing Statement in Exhibit I to the moving papers. It was executed at the closing. It is noted that the contract has cross - default provisions, as principals of Hadot Inc. simultaneously contracted to purchase two other properties on the same block from defendant. Plaintiff's connection to these transactions is unknown.

2

It is alleged in plaintiff's verified complaint dated June 11, 2009,[1] that defendant

is obligated to plaintiff for $550,000, plus costs and disbursements. Plaintiff claims

defendant charged rents to certain tenants which were lower than either market rent or

the legally allowable rent, and that certain leases were in fact labeled with the notation

"Preferential Lease." Plaintiff claims that defendant misrepresented and concealed a

significant number of what it calls "initial" preferential leases as opposed to the

"renewal" preferential leases they were shown. As a consequence of the lease terms,

plaintiff claims it is not able to increase said rents to the amounts which would otherwise

be allowed by the applicable laws and regulations. The Court finds plaintiff to be

incorrect in this conclusion, as will be explained herein.

It is noted that Class B multiple dwellings are subject to Rent Stabilization

pursuant to Title 26 of the NYC Administrative Code, the New York Unconsolidated

Laws, § 2500.1 et seq., particularly § 26-504(b), and The Emergency Tenant Protection

Act of 1974 (Unconsol. Laws § 8621 et seq). See also, *Hickey v Bomark Fabrics, Inc.*,

120 Misc 2d 597 [App Tem 1st Dept 1983].

On January 14, 2010, defendant brought the instant order to show cause

seeking dismissal and other relief. The motion was adjourned numerous times over a

period of nine months before it was finally argued and submitted.

In seeking dismissal, defendant raises plaintiff's failure to comply with discovery,

as well as the CPLR § 3211 reasons set forth above. Plaintiff's Summons With Notice

(Exhibit D) cites breach of the contract as the sole basis for its cause of action (in its

Affirmation in Opposition, plaintiff also mentions "fraudulent conduct", but also admits

---

[1]The action was commenced in February, 2008 by service of a Summons with Notice.

3

plaintiff is "entitled to a more specific pleading" and indicates that "plaintiff will be making a motion to amend the complaint to be more specific". It is noted that the Summons was served almost three years ago. Because the motion is granted under CPLR § 3211(a), the discovery issues are not discussed herein.

The Complaint is at Exhibit F of defendant's motion. It is two pages long, not including the signature and verification page. It claims defendant has misrepresented and concealed from plaintiff "the fact that a significant number of the initial preferential leases, as opposed to the renewal leases that were provided...were not designated as such...with a notation 'Preferential Lease.'" That as a consequence, plaintiff claims, plaintiff "was not able to increase the rents to the 'Legal Rent' plus the standard rent increase permitted by DHCR regulations." Plaintiff has "suffered and continues to suffer damages due to the loss of current and future rental income and the diminution in the value of the property."

Defendant notes that plaintiff has failed to cite the elements of any breach of contract (See, CPLR § 3013), which are: the formation of a contract between the parties,[2] performance by plaintiff, defendant's failure to perform, and damage resulting from such failure. They also note that, to the extent there is a discrepancy between the rent roll and the actual legal rents, any breach of defendant's obligations is covered by the provisions of section 36(g) of the contract. Additionally, the court notes the standard contract clause, contained in paragraph 27 which states that "the acceptance of a Deed by Purchaser shall be deemed to be a full performance on the part of the

---

[2]Whether plaintiff as assignee of the contract is an intended beneficiary of the provisions of paragraph 36(g) need not be determined, as plaintiff fails to state a cause of action, as explained below.

Seller of its obligations under this agreement, except as to those items, if any, which are herein or hereafter specifically stated to survive delivery of the Deed." It is also noted that paragraph 39 (a) says "Purchaser has had an opportunity to review all lease material attached hereto prior to the execution of this agreement and Purchaser shall assume all obligations accruing thereunder after the Closing Date or as may be required by this Contract."

It is undisputed that paragraph 36 of the contract, entitled "Representations and Warranties," provides under section (g):

"The rents listed on Schedule B are the rents actually being collected. The annexed rent roll is true and correct. In the event there is any inconsistency between the rent terms set forth in the leases and Schedule B, the terms set forth in the leases shall prevail."

The contract provides, at the end of paragraph 36, that "The representations of paragraph 36 (g) shall survive closing for a period of one year." That date was March 4, 2008. The summons with notice was filed on February 27, 2008, which was timely.

Among the Riders attached to the contract is one denoted as "Exhibit B," apparently being the same as the aforementioned "Schedule B", which is handwritten and purports to be the building's rent roll. For each of the 23 apartments, it lists the lease expiration date, the current rent, what is purported to be the legal registered rent, and sometimes miscellaneous notes.

For example, for apartment #3, it is noted on the rent roll that the lease expired 8/31/06, that the current rent is $927.33 and that the "legal registered rent" is $1,555.96. There is also a miscellaneous note "renewal offered at legal rent."

"Exhibit B" also includes a certified copy of the 2006 Registered Rent Roll Report Effective 4/01/06, from the NYS Division of Housing and Community Renewal (DHCR),

which reflects that Apartment #3 is rent stabilized, that the legal registered rent is

$1,555.96, that the tenant is Andrew Thompson, that the lease began 9/01/05, and that

the lease ends 8/31/06. This tenant is further discussed *infra*.

Also in the contract's Riders are some, but not all, of the other leases for the

building. A contract rider provision notes that the leases appended to the contract are

"similar in form" to leases not provided. The absence of a complete set of leases is not

explained by either side, nor is there any statement as to whether an up to date set of

leases was delivered at the closing, as contemplated by paragraph six of the contract.

The only leases included in the Exhibit containing the Closing Statement, follow the

Contract of Sale, and are identical to those annexed to the contract contained in Exhibit

G.

With reference to Unit #3, Mr. Thompson's initial lease, dated August 27, 2002,

between the defendant's predecessor in interest, West 22nd Street Properties, and Mr.

Thompson, ran for one year from September 1, 2002 to August 31, 2003 at a monthly

rent of $900. The lease is part of Exhibit G of defendant's motion as part of the

contract of sale to which it had been annexed. The initial lease makes no mention of a

preferential rent. There is also a renewal lease, dated May 25, 2005. In the section of

the renewal lease form denoted as "Offer To Tenant To Renew," clause #2 states "You

may renew this lease, for one or two years, at your option, as follows." Under column B

it states, "Preferential Rent on Sept 30th Preceding Commencement Date of this

Renewal Lease." It is noted that the word "Preferential" is in a different type face,

apparently typed in over the printed lease boilerplate. Underneath the word

"Preferential," the word "Legal," which appears in the boilerplate's original printed

6

typeface, has been struck out. The rent is filled in, in a different typeface, as $927.33. It

is noted that the printed form's Column G states "New Rent (if lower rent to be charged

check box and see item 5 below)." The number typed in this column is also $927.33.

The box is not checked. Item 5 states "Lower Rent to be charged, if any $_____. The

words "Agreement Attached" follow that notation, with boxes labeled "Yes" and "No." It

is noted that no number is filled in for item 5, and neither box is checked. The tenant

responded favorably to the offer, and signed it on June 9, 2005, and the owner's agent

then signed in on June 10, 2005. On the date the contract of sale was signed, this

lease had expired. On the date of the closing, the tenant had still not renewed the

lease. Plaintiff is incorrect that with these facts the Landlord was entitled to raise the

rent to $1,555.96. Plaintiff's reliance on defendant's representation that the lease

would be renewed at the legal rent was a mistake of law on plaintiff's part, as defendant

had renewed the lease after the law changed in 2003, without specifying the legal rent,

so § 2501.2(b)(2) below would not be applicable.

Preferential rents are defined and regulated under 9 NYCRR § 2501.2 (2010) of

NY State's Emergency Tenant Protection Regulations, which says, in pertinent part:

> (a) Where the amount of rent charged to and paid by the tenant is less than the
> legal regulated rent for the housing accommodation, such rent shall be known as
> the "preferential rent." The amount of rent for such housing accommodation which
> may be charged upon renewal or vacancy thereof may, at the option of the owner,
> be based upon either such preferential rent or an amount not more than the
> previously established legal regulated rent, as adjusted by the most recent
> applicable guidelines increases and other increases authorized by law. [emphasis
> added]

> (b) Such legal regulated rent shall be "previously established" where:

> (1) the legal regulated rent is set forth in either the vacancy lease or renewal lease
> pursuant to which the preferential rent is charged; or

7

(2) for a vacancy lease or renewal lease which set forth a preferential rent and which was in effect on or before June 19, 2003, <u>and the legal regulated rent was not set forth in either such vacancy lease or renewal lease, the legal regulated rent was set forth in an annual rent registration served upon the tenant in accordance with the applicable provisions of law,</u> except that the rental history of the housing accommodation prior to the four-year period preceding the filing of a complaint pursuant to section 2506.1 or 2502.3(a) of this Title shall not be examined. [emphasis added]

(c) Where the amount of the legal regulated rent is set forth *either in a vacancy lease or renewal lease* where a preferential rent is charged, *the amount of the legal regulated rent shall not be required to be set forth in any subsequent renewal of such lease,* except that the rental history of the housing accommodation prior to the four-year period preceding the filing of a complaint pursuant to section 2506.1 or 2502.3(a) of this Title shall not be examined. [emphasis added].

The New York City Rental Stabilization Code states, in pertinent part at § 26 - 511(c)(14):

(c) A code shall not be adopted hereunder unless it appears to the division of housing and community renewal that such code (14) provides that where the amount of rent charged to and paid by the tenant is less than the legal regulated rent for the housing accommodation, the amount of rent for such housing accommodation which may be charged upon renewal or upon vacancy thereof may, at the option of the owner, be based upon such previously established legal regulated rent, as adjusted by the most recent applicable guidelines increases and any other increases authorized by law.

This amendment to the law, which went in to effect in 2003, permitted a landlord who offered a preferential rent to return the rent, in a subsequent renewal lease, to the legal rent, if both amounts were disclosed in any prior lease, initial or renewal, or, for leases in effect on June 19, 2003, the date the new law was passed, if the Landlord did not put the legal rent in the lease but served the tenant with notice as required by §2501.2(b)(2) above, unless, regardless of the date of the lease, the lease stated specifically either that the preferential rent was for the duration of the tenancy or the duration of that lease, or something else clearly specified. See *Davis v Roland*, 54

8

AD3d 944 (2d Dept 2008). Prior to the enactment of this amendment, the issuance of a lease with a preferential rent required all renewals to be based on it, with the legal increases applied to the preferential rent amount, until there was a vacancy, regardless of whether the legal registered rent was disclosed in the lease, unless the lease clearly specified a termination date of the preferential rent, i.e. the end of a year or the end of the lease. This was because the courts held that ambiguities must be construed against the Landlord as drafter of the lease. See *East Side Mgrs Assoc Inc. v Goodwin*, 26 Misc 3d 1233A (Civil Ct NYCo 2010); *Missionary Sisters v DHCR*, 283 AD2d 284 (1st Dept 2001).

As such, the $1,555.96 legal registered rent listed on the rent roll for apartment #3 is not the collectible rent for that apartment, as to its current occupant, since neither the initial lease nor the 2005 lease renewal mentions it, and therefore, it is not "previously established". It would seem that it could have been raised after the law changed, pursuant to § 2501.2(b)(2), but the prior owner failed to do so, and by renewing the lease in 2003 and 2005 without any reference to the legal rent, the owner waived the right to increase it to the legal rent.

Plaintiff says that based upon the representation in the rent roll concerning apartment #3, "renewal offered at legal rent," litigation brought by plaintiff after taking title ensued, which eventually resulted in a decision from New York County Housing Court in Ind. No. 57026/08, wherein the Housing Court ruled, in compliance with the law summarized above, that the legal rent for Apartment #3 was $927.33. Plaintiff did not appeal, apparently. It is noted that in an affidavit filed in Housing Court and annexed as part of Exhibit 7 to plaintiff's papers, the tenant states that he indeed was offered a

9

2008/6408 Decision and order ...DTD 12/1/10 (Page 10 of 637)

renewal at the rate of $1,555.96 by the landlord, but he never signed the renewal lease document (See, Exhibit 7).

It is clear to the court that 1) plaintiff misunderstood the applicable law, and 2) plaintiff confuses their claims in the complaint to such an extent that the complaint does not state a cause of action. Plaintiff's mistakes of law cannot be blamed on defendant in a commercial real estate transaction. A mistake of law is not a misrepresentation of fact.

There are 23 Units in the building, numbered 1-24 (there is no Unit 13). The contract included a lease for most of them. Six Units were vacant at closing. A review of the leases, the rent roll provided by defendant and the DHCR 2006 rent registration, all annexed to the contract of sale, reveals the following. Defendant delivered the property to plaintiff on March 5, 2007. On that date, six Units were vacant (1, 5, 6, 7, 18, 19) and plaintiff was free to rent them at the legal registered rent. Four Units (12, 14, 18, 24) were at that time rented at the legal registered rent. Eight Units were rented at preferential rents, and this fact and the legal rent were both disclosed in the applicable leases, with the legal rent indicated in the lease more or less matching the legal registered rent.[3] Plaintiff was free to increase the rent for these Units to the legal rent after closing, or the legal rent indicated on the latest renewal plus the permitted

---

[3]Units 2, 4, 10, 15, 16, 20, 21, 22. Two units had a lease which disclosed a legal rent approximately $200 lower than the DHCR registration, but it may be that the registration reflects annual increases permitted, but not imposed and as such, are errors as to the tenant in residence but could be used for setting the rent for any future tenant after a vacancy occurs.. For number 4, it lists $948.66 instead of $1,149.39. This lease expired August 31, 2006. Number 20 states $961.20 and the registration $1,206.81. This lease expired May 31, 2005.

Rent Stabilization increase, as all leases had expired or would expire in a few months.

Two Units had leases which may have failed to mention the legal rent, for units granted

preferential rents, number 3 and number 17. But both are missing the rider to the

original lease, which is specifically mentioned as being annexed and comprising six

pages. Without the riders and copies of all renewals, it cannot be determined whether

the owner could or couldn't revert to the legal rent at the next renewal.

Finally, there are 4 tenants who are listed on the rent roll as paying rents of

under $300.00 per month. These are the tenants of Units 4, 8, 9 and 23. The tenant of

number 4 (counted above as well) was residing at the premises on his first lease, from

September 1, 2004 and which expired on August 31, 2006. His lease discloses it is

preferential, and states a legal rent of $948.66. The rider is not provided, which might

contain relevant provisions to explain the low rent. The legal rent on the DHCR print-

out is $1,149.39 for 2006. For Unit number 8, the lease states that "landlord

guarantees that upon signing this lease, all rights and protections that tenant

possessed under his tenancy of room number 4C at 236 West 22nd Street are

transferred to Room number 8 at 442 West 22nd Street. Landlord further represents

that Unit number 8 at 442 West 22nd Street is covered by the same Hotel Stabilization

Rules and Guidelines that cover former Unit 4C at 236 West 22nd Street". The legal

registered rent for Unit 8 on the DHCR rent roll is $261.44. The other two Units, number

11 and number 23 say "not applicable" in the column on the rent roll entitled "lease

expiration", which would imply the tenant is rent controlled and has occupied the

premises from a date prior to the expiration of Rent Control. No leases are provided for

these two Units, which also supports this conclusion. The legal registered rents for

11

these two units is $748.06 and $262.55 respectively.

Lastly, for Unit number 9, indicated on the rent roll as being a Unit with a rent of $173.31 per month pursuant to a lease which expired September 30, 2004, and which states on the DHCR registration that the tenant is named Taylor and the legal rent is $200.39, is probably also covered by rent protections similar to the tenant of number 4, but, in any event, plaintiff was clearly on notice that such tenant's maximum legal rent is $200.30 per month, pursuant to the DHCR print-out annexed to the contract of sale.

The fact that the plaintiff and/or its counsel did not engage in a sufficient review of the leases furnished by defendant prior to the closing and determine what laws apply to them does not give rise to a cause of action against defendant for any damages which may have resulted from their malfeasance. The purchaser of commercial property must conduct its due diligence evaluation of the property and its books and records, not to mention any issues which might affect the property in the near or distant future, such as temporary tax abatements, proposed zoning changes and the like, prior to signing the contract of sale, or if negotiated for, between contract and closing, with a right to terminate the contract for reasons enumerated therein, such as extraordinary expenses to cure violations of record. Failure to do so does not give rise to a post-closing cause of action for the purchaser's misunderstanding of the law.

Whether or not one believes defendant's assertion that it provided all leases within its possession,[4] and whether or not defendant's failure to provide all of them was wilful and intentional is irrelevant to resolution of this motion. This is because the

---

[4]Defendant took title to the property in 2004.

12

leases defendant did provide should have been sufficient notice that defendant had offered preferential leases to some of the tenants. Either plaintiff did not examine the documents annexed to the contract, or plaintiff did not comprehend their significance. If defendant left the legal registered rent off of one lease renewal for one unit, defendant may have done so for more than one Unit. If the legal rent is not stated on either the initial or the current renewal lease, this is binding with regard to rent increases for that tenant. *88 Blue Corp. v Reiss Plaza Associates*, 183 AD2d 662 [1st Dept 1992]; *Nestler v Whiteside*, 162 AD2d 845 [3rd Dept 1990].

New York adheres to the doctrine of *caveat emptor* and imposes no duty on a seller to disclose any information concerning the property in an arm's length commercial real estate transaction. *Boyle v McGlynn*, 28 AD3d 994, 995 [3rd Dept 2006]. This is the applicable law. Unless some conduct, more than mere silence, on the part of the seller, rises to the level of active concealment, a seller has no duty to disclose information concerning the property. *Matos v Crimmins*, 40 AD3d 1053 [2nd Dept. 2007]. A buyer has the duty to satisfy itself as to the quality of the bargain. *Commander Terminals, LLC v Estate of Shapiro*, 20 Misc. 3d 1110A [Sup Ct Nassau Cty. 2008].

In business transactions, a party is ordinarily under no duty to disclose material facts unless (1) there is a fiduciary relationship between the parties or (2) one party has superior knowledge that is not readily available/accessible to the other party and that party knows the other party is acting on the basis of mistaken knowledge. *Stevenson Equip., Inc. v Chemig Constr. Corp.*, 170 AD2d 769, 771 [3rd Dept], aff'd., 79 NY2d 989 [1992]. Where there is no fiduciary relationship that would impose a duty to disclose, a party's mere silence without some act which deceived the other party cannot constitute

13

a concealment that is actionable as fraud. *Mobil Oil Corp. v Joshi*, 202 AD2d 318 [1st Dept. 1994].

There is nothing in the record before the Court to indicate that the dealings between the parties were anything other than an arm's length negotiation, making applicable the customary rules of commercial transactions. Defendant did not owe plaintiff a fiduciary duty with regard to the transaction at issue. The seller of commercial real property is under no duty to speak when parties deal at arm's length. *Simone v Homecheck Real Estate Services, Inc.*, 42 AD3d 518, 520 [2nd Dept 2007]; *London v Courduff*, 141 AD2d 803, 804 [2nd Dept 1988].

Thus, the doctrine of *caveat emptor* is applicable, imposing a duty on the purchaser to satisfy itself as to the quality of the bargain. Under this doctrine, it is only when the defect in the property is peculiarly within the knowledge of the seller, and is not likely to be discovered by a reasonably prudent purchaser, that a duty to disclose will be imposed. *Stambovsky v Ackley*, 169 AD2d 254, 261 [1st Dept. 1996]. The mere silence of the seller, without some act or conduct which deceived the buyer, does not amount to a concealment that is actionable as fraud. *Slavin v Hamm*, 210 AD2d 831, 832 [3rd Dept 1993].

To sustain a claim of active concealment in the context of a fraudulent non-disclosure, the buyer must show, in effect, that the seller thwarted the buyer's efforts to fulfill its duty to conduct its due diligence. See, *Jablonski v Rapalje*, 14 AD3d 484, 485, [(2nd Dept. 2005]. To state a *prima facie* claim of fraudulent concealment, a complaint must allege: (1) concealment of a material fact which defendant was duty bound to disclose due to a confidential or fiduciary relationship between the parties (See, *Spencer v. Green*, 42 AD3d 521 [2nd Dept. 2007]); (2) defendant intended to defraud

14

the plaintiff thereby (*Glazer v LoPreste*, 278 AD2d 198 [2nd Dept. 2000]); (3) the plaintiff reasonably relied on the representation (*Spencer v. Green, supra*); and (4) resulting injury (*Jablonski v Rapalje, supra* at 487). See also, *Lama Holding Co. v. Smith Barney Inc.*, 88 NY2d 413 [1996].

Here, the problem with the leases was plain on the face of those leases and should have been apparent to any buyer who had checked the law concerning preferential leases. To be clear, defendant provided as a rider to the contract of sale a rent roll for these 23 units, which has one column for "actual rent", and one for "legal rent," the latter reflecting the legal rent permissible under the laws and regulations of the NYS Division of Housing and Community Renewal. Plaintiff does not claim that any of the information contained in that rent roll is inaccurate. Plaintiff instead claims that plaintiff erroneously assumed that post - closing renewal leases for these same tenants could be based upon the legal rent instead of the preferential rent indicated on the lease. Plaintiff made this assumption in spite of the clear language of the Rent Stabilization Code. Now plaintiff claims this error is defendant's fault, but under New York law, it is not.

Plaintiff has failed to state a cause of action upon which relief may be granted. The complaint is dismissed in its entirety. The court need not deal with issues of discovery. Defendant's counter-claim requesting attorney's fees for this frivolous action is granted.

Paragraph 54 of the contract provides that "In the event that any litigation arises under this Agreement, the prevailing party, (which term shall mean the party which obtains substantially all of the relief sought by such party), shall be entitled to recover, as part of its judgment, reasonable attorney's fees." Therefore, defendant is entitled to

recover reasonable fees arising from the defense of this action.

A hearing will be scheduled to determine the reasonable amount of such fees before a Judicial Hearing Officer. The court's referral order shall be to hear and determine, unless the parties do not agree to permit the J.H.O. to hear and determine, in which case it will be to hear and report. The J.H.O. Part shall notify the attorneys for both parties of the date of the hearing.

Any relief requested but not specifically addressed herein is hereby denied.

The foregoing constitutes the Decision and Order of this Court.

Dated: Brooklyn, New York
December 1, 2010

_____

**Hon. Debra Silber, A.J.S.C.**

Hon. Debra Silber
Justice Supreme Court

KINGS CC

FILED

2010 DEC 15  A  8: 46

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------------------X   Index No: 6408/2008

NEW YORK SPOT INC.,

                    Plaintiff,

-against-                                           **AFFIDAVIT OF SERVICE**

442 WEST 22nd STREET LLC,
                    **Defendant.**

------------------------------------------------------X

STATE OF NEW YORK      )
                       )ss.:
COUNTY OF NEW YORK     )

**YLIANA GUZMAN** hereby swears under the penalties of perjury, the following:

1.        Deponent is not a party to this action, is over eighteen years old, and resides in the County of Kings.

2.        On January 14, 2011 your deponent served a copy of the within **NOTICE OF ENTRY OF DECISION AND ORDER,** along with all papers and exhibits annexed thereto, upon:

Poltorak & Associates P.C.
Attorneys for the Plaintiff
1650 Eastern Parkway
Brooklyn, New York 11233

By depositing a true copy of same with a FedEx courier for overnight delivery via FedEx service, in a sealed wrapper in an official FedEx overnight envelope under the exclusive care and custody of a FedEx courier within the State of New York.

                                           Yliana Guzman

Sworn to before me this
14th day of January, 2010

Notary Public

OLGA SOMERAS
Notary Public, State of New York
No. 02SO6231319
Qualified in Queens County
Commission Expires November 22, 2014

Index No.: 6408/2008
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------x

NEW YORK SPOT, INC.,

        Plaintiff,

    -against-

442 WEST 22ND STREET LLC,

        Defendant.

-------------------------------------------------x

---

## NOTICE OF ENTRY OF DECISION AND ORDER

---

EREZ GLAMBOSKY, ESQ., Attorney for Petitioner
72 Madison Avenue, 6th Floor
New York, New York 10016
(646) 385-7597

---

To           Attorney(s) for
Service of a copy of the within                        is hereby admitted
Dated,

                    Attorney(s) for

NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named Court on      20

NOTICE OF SETTLEMENT
that an order
of which the within is a true copy will be presented for settlement to the HON.
one of the judges of the within named Court, at
on the    day of      20    at    M.

Dated,

                    Yours, etc.,
                    EREZ GLAMBOSKY, ESQ., Attorney for Petitioner
                    72 Madison Avenue, 6th Floor
                    New York, New York 10016
                    (646) 385-7597

To
Attorney(s) for

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT __Eastern__ DISTRICT OF __New York__ | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor:<br>**New York Spot, Inc.** | Case Number:<br>**1-12-48530-cec** | |
|---|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Barry R. Feerst & Associates**

| Name and address where notices should be sent:<br>194 South 8th Street<br>Brooklyn, NY 11211<br><br>Telephone number:    email:<br>718-384-9111    barry@brfesq.com | **COURT USE ONLY**<br>☐ Check this box if this claim amends a previously filed claim.<br><br>**Court Claim Number:**_____<br>  (*If known*)<br><br>Filed on:_____ |
|---|---|

| Name and address where payment should be sent (if different from above):<br><br><br>Telephone number:    email: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |
|---|---|

**1. Amount of Claim as of Date Case Filed:**    $_____13,754.90

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** __Legal Services__
  (See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:** | **3a. Debtor may have scheduled account as:**<br>0525<br>(See instruction #3a) | **3b. Uniform Claim Identifier (optional):**<br>_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _<br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐Real Estate ☐Motor Vehicle ☐Other
**Describe:**

**Value of Property:** $_____

**Annual Interest Rate**_____% ☐Fixed or ☐Variable
**(when case was filed)**

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
  $_____

**Amount of Secured Claim:**  $_____

**Amount Unsecured:**  $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

**Amount entitled to priority:**

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

$_____

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B10 (Official Form 10) (04/13)                                                                                                                                    2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

[✓] I am the creditor.    [ ] I am the creditor's authorized agent.    [ ] I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    [ ] I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  Barry R. Feerst
Title:  Manager
Company:  Barry R. Feerst & Associates
Address and telephone number (if different from notice address above):

_____
718-384-9111              barryr@brfesq.com
Telephone number:        email:

(Signature)                                   July 31, 2013
                                              (Date)

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

B10 (Official Form 10) (04/13)

## _____DEFINITIONS_____

## _____INFORMATION_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

LAW OFFICES OF
## BARRY R. FEERST & ASSOCIATES
194 South 8th Street
Brooklyn, New York 11211
Tel. (718)384-9111
Fax (718)384-5999

Invoice submitted to:
NEW YORK SPOT, INC.
3317 Avenue N
BROOKLYN, NY 11234

July 31, 2013

Invoice #10525

Professional Services

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 12/23/2011 | Prepare complaint | 1.00 500.00/hr | 500.00 |
| 6/28/2012 | Affidavit of Service | 0.10 250.00/hr | 25.00 |
| 7/12/2012 | Email to 442 West | 0.10 250.00/hr | 25.00 |
|  | Tel call w/client-Discussion of Amex | 0.10 250.00/hr | 25.00 |
|  | Additional Charges : |  |  |
| 6/15/2012 | Filing Fee |  | 45.00 |
|  | Total amount of this bill |  | $620.00 |
|  | Previous balance |  | $13,134.90 |
|  | Balance due |  | $13,754.90 |