UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                                    Chapter 11

    New York Spot, Inc.                                    Case no.  12-48530

                          Debtor.
---------------------------------------------------------x

## ORDER CONFIRMING PLAN OF REORGANIZATION

        West 22nd LLC (the "Proponent") of the Plan of Reorganization (the "Plan") dated April 8, 2013 for New York Spot, Inc., the above-named debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case; and a copy of the Disclosure Statement in connection with the Plan having been transmitted to creditors and equity security holders, and upon the hearing held before this Court on September 3, 2013 (the "Confirmation Hearing"), and upon the entire record of this case, and the Court having found: (a) that the sale of the Debtor's real property located at 442 West 22nd Street, New York, New York, New York, New York (the "Property") under the Plan is an arms-length transaction, non-collusive, fair and reasonable, and conducted openly and in good faith in accordance, and is in the best interests of the Debtor, its estate and Creditors, (b) that Chelsea 42 LLC (the "Purchaser"), as transferee of the Property, is a good faith purchaser within the meaning of Bankruptcy Code § 363(m) and, as such, is entitled to the full protection of Bankruptcy Code § 363(m) or similar provisions of law, (c) that the sale of the Property to the Purchaser was not controlled by an agreement among potential purchasers in violation of Bankruptcy Code § 363(n), and (d) that the requirements for confirmation of the Plan set forth in 11 U.S.C. 1129(a) have been satisfied at the Confirmation Hearing, and (e) that

cause exists for the Court to order that the stay under Bankruptcy Rule 3020(e) shall not apply to this Order; it is

ORDERED, that the Debtor's objection to confirmation of the Plan be, and it hereby is, deemed withdrawn; and it is further

ORDERED, that the Proponent's Motion to expunge or estimate Claim 8 of Charles Neiss and Claim 9 of Faysargol Esshkal LLC be, and it hereby is, deemed withdrawn; and it is further

ORDERED, that pursuant to section 1129 of the Bankruptcy Code, the Plan be, and it hereby is, confirmed; and it is further

ORDERED, that that in furtherance of the Plan, the Debtor is directed to sell, transfer and convey the Property to the Purchaser as set forth in the Plan, free and clear of all liens, encumbrances and interests, (except those certain consolidated mortgages made to Intervest National Bank in the sum of One Million, Nine Hundred Twenty Thousand ($1,920,000) dollars, recorded in the office of the City Register, County of New York on April 2, 2007 in CRFN 2007000168031, as reduced in the amount of $1,867,158.41 by Modification Agreement recorded on July 9, 2007 in CRFN 2009000209761, and as assigned to the Proponent by an assignment of mortgage dated February 11, 2011 (the "Mortgage")) with all such liens claims and encumbrances and interests to attach to the proceeds of sale, for the purchase price of $3,950,000, provided, however, that in the event that the Purchaser fails to tender the payment of the balance of the Purchase Price on the Closing Date, or otherwise perform any of its obligations under these terms and conditions of sale, the Proponent, at its sole option, shall be

authorized to sell the Property to the second highest bidder without any further notice and without giving credit for the deposit forfeited by the Purchaser; and it is further

ORDERED, that the Purchaser, (or the second highest bidder), is a good faith purchaser within the meaning of Bankruptcy Code § 363(m) and, as such, is entitled to the full protection of Bankruptcy Code §363(m) or similar provision of law; and it is further

ORDERED, that on the Effective Date, the Debtor be, and it hereby is, directed to (a) execute and deliver such documents (collectively, the "Closing Documents") as may be necessary for the Debtor to close the sale of the Property to the Purchaser as set forth in the Plan, (b) turnover to the Purchaser the Property, and all books, records, files, and other documents relating to the Property, (c) turnover to the Purchaser all tenant security deposits in its possession, which shall be held by the Purchaser and used or applied in accordance with the terms of the subject leases and applicable law and (d) turnover to the Proponent all cash on hand; and it is further

ORDERED, that the Debtor be, and hereby is, authorized and directed to execute, in the name of any necessary party, any notice of satisfaction, release or discharge of any Lien, Claim or encumbrance not expressly preserved in the Plan and this Order, and to deliver such notices to any and all federal, state and local governmental agencies or departments for filing and recordation; and it is further

ORDERED, that in the event the Debtor fails and refuses to execute such documents at closing, David Godbout is hereby appointed as authorized signatory on behalf of the Debtor to execute (a) a deed and all applicable transfer tax documents and (b) such notices as may be required under the paragraph immediately preceding this paragraph; and it is further

ORDERED, that the Office of the New York City Register is hereby authorized and directed to record the deed and all other documents as so executed; and it is further

ORDERED, pursuant to Bankruptcy Code § 1146, that the delivery of the Deed to be issued to the purchaser pursuant to the Plan shall be made in implementation of the Plan, and qualifying for the transfer tax exemption under section 1146(a) of the Bankruptcy Code, such that the filing of said deed shall not be subject to payment of any City (RPT) or State (TP 584) transfer tax, a stamp tax or similar tax; and it is further

ORDERED, that each and every federal, state and local governmental agency or department shall be authorized to accept and record any and all documents and instruments necessary, useful or appropriate to effectuate, implement and consummate the transactions contemplated by the Plan, including, but not limited to any and all notices of satisfaction, release or discharge of any Lien, Claim or encumbrance not expressly preserved by the Plan; and it is further

ORDERED, that the Proponent shall be the disbursing agent under the Plan responsible for making distributions under the Plan, and shall file a disbursement report with the Bankruptcy Court upon making such distributions, and it is further

ORDERED, that the Proponent shall file, within 45 days after the date of this Order, a status report detailing the actions taken by the Debtor and the progress made toward the consummation of the Plan; and it is further

ORDERED, that the Proponent shall file status reports with the Court every January 15th, April 15th, July 15th, and October 15th until a final decree has been entered closing the Debtor's chapter 11 case; and it is further

ORDERED, that the Proponent shall pay to the United States Trustee all fees due and payable by the Debtor, if any, under and pursuant to 28 U.S.C. § 1930, plus all applicable interest thereon, until the Debtor's chapter 11 case is either dismissed, converted to chapter 7, or until a final decree is entered closing the Debtor's chapter 11 case, whichever is earlier; and it is further

ORDERED, that this Court hereby retains exclusive jurisdiction over this Order, and to hear and to determine all controversies, suits and disputes, if any, as may arise in connection with the consummation of the Plan; and it is further

ORDERED, that this Order shall not be stayed under Bankruptcy Rule 3020(e).